Dorothy WATKINS, D.O.,
Plaintiff-Appellant,

v.

STATE BOARD OF REGISTRATION
FOR the HEALING ARTS,
Defendant-Respondent.

No. WD33625.

Missouri Court of Appeals,
Western District.

March 29, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 31, 1983.

Application to Transfer Denied
June 30, 1983.

C. Robert Buckley, Paden, Welch, Martin, Albano & Graeff, P.C., Independence, for plaintiff-appellant.

David Brydon, Johnny K. Richardson, Hawkins, Brydon & Swearengen, P.C., Jefferson City, for defendant-respondent.

Before DIXON, P.J., and KENNEDY and LOWENSTEIN, JJ.

DIXON, Judge.

Dr. Watkins, a doctor of osteopathy, appeals from the circuit court's affirmance of the Administrative Hearing Commission's decision that she was guilty of unprofessional and dishonorable conduct proscribed in § 334.100.1(4) RSMo 1978, and the respondent board's order suspending her license for one year and placing her on probation for ten years thereafter. Section 334.100.1(4) RSMo 1978 controls this case, but has since been superceded by § 334.100 RSMo Cum.Supp.1982. The amended statute, effective September 28, 1981, has no bearing on the issues in this case.

The state board's complaint, filed in August of 1978, alleged that Dr. Watkins had pleaded guilty to a two-count indictment charging her with selling controlled substances, a felony, and thus that her license was subject to suspension or revocation under § 334.100 RSMo 1978. Dr. Watkins answered the complaint and admitted she entered a plea of guilty on three charges of unlawfully prescribing controlled substances, but she asserted that the pleas were "Alford pleas" and therefore did not constitute a guilty plea within the meaning of § 334.100.1(4) RSMo 1978.

After a hearing, the hearing commissioner found that Dr. Watkins pled guilty to three charges of unlawfully prescribing the controlled substances Dilaudid and Demerol, that the trial court accepted these pleas, suspended imposition of sentence, and placed Dr. Watkins on five years' probation. The hearing commissioner concluded that by presenting evidence of Dr. Watkins' guilty pleas the state board satisfied its burden of establishing appellant's unprofessional or dishonorable conduct.

The state board, acting on the administrative hearing commissioner's decision and after its own hearing, entered an order suspending Dr. Watkins' license to practice medicine for one year and placing her on probation for ten years thereafter. The terms of the probation forbade her to practice obstetrics or to seek a narcotics license and required her to receive unannounced investigators from the board.

Dr. Watkins filed a petition in circuit court for review of the AHC's decision and the state board's order, both of which are reviewed as one decision under the provisions of §§ 536.100–.140 RSMo 1978. See § 161.332 RSMo 1978. The circuit court entered a judgment and order affirming the actions taken below.

The first question is the effect to be given an "Alford plea" in a collateral proceeding to suspend or revoke a license. In *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the United States Supreme Court held that a plea of guilty to second-degree murder was not involuntary because the defendant was motivated to enter the plea out of fear of the death penalty.

The Court noted that a guilty plea usually involves both an admission of the acts constituting the crime and a waiver of trial. Alford's plea was "different" in that it did not include an admission of guilt. The Court concluded that the lack of defendant's confession of the criminal act did not constitutionally impair acceptance of his plea because the trial court had before it a strong factual basis for the plea. 400 U.S. at 38, 91 S.Ct. at 168.

From this case Dr. Watkins draws her argument that the plea of guilty entered by her on the controlled substances charges was not a guilty plea within the intendment of § 334.100.1(4) RSMo 1978. An "Alford" plea is still a guilty plea, even though it is coupled with a protestation of innocence. Nothing in *Alford* indicates the contrary; in fact, *Alford* stands for the proposition that an admission of guilt is not a Constitutional prerequisite to the imposition of sentence pursuant to a guilty plea. 400 U.S. at 37, 91 S.Ct. at 167. All that was required to satisfy the relied-on specification of "unprofessional and dishonorable conduct" was "[c]onviction of a felony including a plea of guilty, nolo contendere, or a finding of guilty by the trier of fact,

whether sentence is imposed or not." The state board was not required by statute to show that Dr. Watkins admitted her guilt, only that she was convicted on a guilty plea.

Only one other reported case involves an attempt by a licensee to avoid the adverse collateral consequences to his license of pleading guilty by denominating the plea an *Alford* plea. In *Tempo Trucking and Transfer Corp. v. Dickson*, 405 F.Supp. 506 (E.D.N.Y.1975), Tempo Trucking sought review of the Customs Service's revocation of its customhouse cartman's license. Tempo's president had been convicted of a theft-connected crime, grounds for revocation of Tempo's license under the applicable federal regulations. Tempo argued that because its president's conviction was based on an *Alford* plea, the Hearing Officer abused his discretion by failing to explore the facts and circumstances underlying the conviction. The court rejected Tempo's argument observing, *inter alia*, that *Alford* did not sanction entry of an *Alford* plea without an underlying factual basis of guilt, and that even if the officer's conviction had been premised on a plea of nolo contendere, the hearing officer would not have been required to investigate the factual basis for the plea. This is true because under the language of the regulation all the Custom Service had to show was conviction, not actual guilt.

The plea of nolo contendere is not available to the criminal defendant in Missouri state courts, Rule 24.02(a), but the rule developed from that plea is applicable to the case at bar—" '[t]hough [a plea of nolo contendere] . . . does not constitute an admission of guilt in subsequent actions, it is of no help to a defendant if the conviction (regardless of how obtained), rather than admission of guilt, is the basis for the subsequent action.' " *Tempo Trucking*, 405 F.Supp. at 517 (quoting *United States v. Bagliore*, 182 F.Supp. 714, 716 (E.D.N.Y. 1960)).

■ Dr. Watkins contends that even if the Alford plea issue is found against her that § 334.100.1(4) has still not been satisfied because there has been no conviction.

This argument arises from the status of the underlying felony case—Dr. Watkins entered her guilty pleas, the court suspended sentence and placed her on probation, and she has since been discharged from probation. Under *Meyer v. Missouri Real Estate Commission*, 238 Mo.App. 476, 183 S.W.2d 342 (1944), which was recognized as the settled law of this state in *Warren v. Director, Missouri Division of Health*, 565 S.W.2d 740 (Mo.App.1978), and *Simon v. Missouri State Board of Pharmacy*, 570 S.W.2d 334 (Mo.App.1978), a suspended imposition of sentence was held not to be a conviction.

*Meyer, Warren,* and *Simon*, however, do not control this case. The statute under which Dr. Watkins' license was suspended contains language not present in any of the three revocation statutes underlying those three cases. The provision of the statute relied on by the state board to establish appellant's unprofessional or dishonorable conduct reads:

(4) Conviction of a felony including a plea of guilty, nolo contendere, or a finding of guilt by the trier of fact, *whether sentence is imposed or not.*

§ 334.100.1(4) RSMo 1978 (emphasis added). By adding the emphasized language the legislature must have intended to avoid the result dictated by *Meyer* in order to allow the board to better effectuate the remedial purpose of the statute—"for the protection of the public in safe-guarding public health." *Hughes v. State Board of Health*, 348 Mo. 1236, 1240, 159 S.W.2d 277, 279 (Mo.1942). The emphasized statutory language did not appear in predecessors to § 334.100.1(4). *See* § 334.100.1(4) RSMo 1959; § 334.100.1(4) RSMo 1969; § 334.-100.1(4) RSMo Cum.Supp.1975. It is presumed the legislature was aware of the prior interpretation given the law by our appellate courts and intended to effect a change in the law by amending the statute. *Kilbane v. Director of the Department of Revenue*, 544 S.W.2d 9 (Mo.banc 1976).

■ Dr. Watkins' final assertions of error concern failure of the circuit court to respond to two allegations raised in her peti-

tion for review. On appeal of an agency decision in a contested case, *both* the circuit court and the court of appeals review the *agency* decision. *See Phipps v. School District of Kansas City,* 645 S.W.2d 91 (Mo. App.1982).

■ Her first claim is that the state board abused its discretion in forbidding her practice of obstetrics as a term of her probation. Review is limited to a consideration of the petition and record. § 536.140.1 RSMo 1978. The record of the hearing on disciplinary action before the state board is not contained in the record on appeal. It was incumbent on Dr. Watkins to file this record, § 536.130.4 RSMo 1978, and to demonstrate error—this she has failed to do.

■ The final claim of error is that the decision was made upon unlawful procedure because the pleadings do not conform to the evidence. This argument stems from the fact that the state board's complaint before the administrative hearing commissioner stated that the indictments to which Dr. Watkins pled guilty charged her with *selling* controlled substances. In fact, the indictments charged appellant with *prescribing* controlled substances. The error in the state board's complaint was corrected in her answer. Her brief concedes that the rule that pleading and proof must conform is relaxed in administrative proceedings. *Cf. State ex rel. Crown Coach Co. v. Public Service Commission,* 238 Mo.App. 287, 295–96, 179 S.W.2d 123, 126 (1944). There was no harm or surprise to Dr. Watkins. The point is without merit.

The judgment is affirmed.

All concur.