Evelyn E. RICE, Plaintiff/Appellant,

v.

STATE of Missouri, DEPARTMENT
OF SOCIAL SERVICES, Defen-
dant/Respondent.

No. 73273.

Missouri Court of Appeals,
Eastern District,
Division One.

June 2, 1998.

Rehearing Denied July 28, 1998.

———

David M. Kahn, Susan M. Settle, Waterloo,
IL, for plaintiff/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jef-
ferson City, Gretchen E. Rowan, Asst. Atty.
Gen., St. Louis, for defendant/respondent.

GRIMM, Presiding Judge.

Plaintiff appeals an administrative agency decision temporarily terminating her personal care benefits. The circuit court granted defendant summary judgment and dismissed her case.

Plaintiff appealed; her brief alleges thirteen points of error. Twelve of those points allege error by the circuit court. The remaining point alleges defendant erred by rendering a decision without acknowledging plaintiff's attorney's entry of appearance. We dismiss plaintiff's appeal.

## I. Background

Defendant's Division of Aging authorized plaintiff to receive personal care services under Title XX of the Social Security Act from January 18, 1994 to December 31, 1994. In early March 1994, the Division notified plaintiff that the personal care services were terminated based on an allegation that plaintiff's son had attacked a personal care aide.

Plaintiff, through her son, requested an administrative hearing. While that request was pending, and following an investigation, it was determined that no evidence substantiated the allegation against son. Personal care services were restored to plaintiff in October 1994.

On March 8, 1995, apparently a telephone conference was held with plaintiff's son. At that time, plaintiff was given until March 29 to "submit any memorandum regarding what issues remained unresolved." On March 24, someone notified defendant that plaintiff had retained counsel and the deadline was extended to March 31. Defendant did not receive either an entry of appearance or memorandum and on April 11, 1995, it dismissed the case. In the dismissal order, the hearing officer said:

> No adequate remedy is available to [the hearing officer] to indemnify [plaintiff] for the period of time in which she did not receive personal care services. The issue, however, before [the hearing officer], termination of personal care services, is hereby now mute (sic) since these services have been reinstated.

On May 12, 1995, plaintiff filed a petition in the St. Charles County Circuit Court. It is titled, "Petition for a Remand of an Adverse Administrative Decision to the Director of the Division of Social Services for a Redetermination in Accordance with the Directives of This Court." Among other things, it alleges that plaintiff was deprived of her due process rights in the administrative proceedings and denied services she was lawfully entitled to receive.

Plaintiff did not file the record of the administrative proceedings with the circuit court for judicial review. Nor does the Legal File indicate that she requested the administrative record be filed. Furthermore, plaintiff's petition states that she wants the cause either remanded with directions or "for the Court to develop the record on it's (sic) own initiative."

On July 3, 1997, defendant filed its second motion for summary judgment. On August 29, the trial court granted the motion. In its judgment, the trial court affirmed the April 11, 1995 hearing officer's decision and found that plaintiff's due process rights were not violated by defendant.

Plaintiff appealed. She filed her brief on January 5, 1998. Defendant moved to dismiss for failure to comply with Rule 84.04 and *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978). In response, plaintiff filed a motion asking leave to file an amended brief. We granted her request, ordering that the "amended brief shall comply with Rule 84.04(c), (d), and (h) and in addition to *Thummel v. King*." She filed an amended brief on February 5, 1998.

## II. Discussion

Plaintiff's amended brief contains thirteen points. For reasons explained below, we do not reach the merits, if any, of these points and dismiss the appeal.

■ First, plaintiff's amended brief fails to comply with Rule 84.04 despite this court's prior order directing her to bring her brief into conformity with this rule. Rule 84.04(c) requires that the statement of facts in a brief shall set forth "a fair and concise statement of the facts relevant to the questions present-

ed for determination without argument." The statement of facts in plaintiff's amended brief contains argumentative assertions of fact constituting a violation of Rule 84.04(c). For example, she states that the "Division's Order of Dismissal (Decision) (L.F.172) untruthfully denied receipt of the Entry of Appearance by Ms. Rice's attorney and made other statements that are not true."

■ The primary purpose of the statement of facts is to set forth an immediate, accurate, complete and unbiased understanding of the facts of the case. *Deloch v. Hughes,* 896 S.W.2d 668, 670 (Mo.App. E.D. 1995). Plaintiff has failed to do this. A violation of Rule 84.04(c) is grounds for dismissal. *Id.* at 670.

Furthermore, Rule 84.04(h) requires that all "statements of fact and argument shall have specific page references to the legal file or the transcript." Plaintiff's amended brief does not comply with this rule. Many assertions in both the statement of facts and the argument are not supported by specific page references. Rather the references say, "See Agency Record Not Yet Part of Legal File." Other references are to alleged conversations held off the record in the circuit court.

■ These unsupported factual assertions violate Rule 84.04(h). Moreover, statements asserted in a party's brief which are not supported by the record on appeal supply no basis for appeal. *Chilton v. Gorden,* 952 S.W.2d 773, 777 (Mo.App. S.D.1997). *See also Grant v. Estate of McReynolds,* 779 S.W.2d 246, 247 (Mo.App. E.D.1989) (Generally, an appellate court "will not consider matters not contained in the record."). Plaintiff's noncompliance with Rule 84.04 after given opportunity to do so justifies dismissal of the appeal.

■ Furthermore, twelve of her points allege error by the circuit court, although she seeks to appeal defendant's temporary termination of her personal care benefits. Where, such as here, a party seeks review of an agency decision, both the circuit court and this court review the agency's decision. *Watkins v. State Board of Registration for the Healing Arts,* 651 S.W.2d 582, 585 (Mo. App. W.D.1983). "It is the decision of the [agency] which we review and not the judgment of the circuit court." *Missouri Nat. Educ. Ass'n. v. Missouri State Board of Mediation,* 695 S.W.2d 894, 896 (Mo.banc 1985). Thus, it is inappropriate for the points to allege circuit court error instead of agency error. As such, points one through thirteen, excluding eleven, must be dismissed.

Finally, in plaintiff's remaining point, she frames the point as follows:

**WHETHER THE AGENCY'S RENDERING A DECISION WITHOUT ACKNOWLEDGING THE [PLAINTIFF'S] ATTORNEY'S ENTRY OF APPEARANCE AND VARIOUS MOTIONS AND REFUSING TO RECONSIDER SAID DECISION CONSTITUTES A DENIAL OF COUNSEL TO [PLAINTIFF] AND DENIAL OF DUE PROCESS OF LAW? (L.F. PAGE 172 AND AGENCY RECORD THAT IS NOT YET PART OF LEGAL FILE).**

THE CIRCUIT COURT SHOULD HAVE APPLIED *POWELL V. ALABAMA* AND *GOLDBERG V. KELLY* AND RULED THE [PLAINTIFF] HAS A RIGHT TO BE REPRESENTED BY HER COUNSEL IN THAT HER ATTORNEY HAD TIMELY ENTERED HIS APPEARANCE ON BEHALF OF THE [PLAINTIFF]. (SEE AGENCY RECORD NOT YET PART OF LEGAL FILE).

THE EVIDENTIARY BASIS UPON WHICH THE RULE IS APPLICABLE IS THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT WHERE COUNSEL IS ALLOWED TO REPRESENT A PARTY IN ANY ACTION FOR ANY POSSIBLE SIGNIFICANT DEPRIVATION OF LEGAL RIGHTS. HOWEVER, THE [PLAINTIFF] CANNOT CITE TO THE LEGAL FILE REGARDING THESE SUBJECT ACTIONS OF THE AGENCY IN THAT THE ADMINISTRATIVE AGENCY'S RECORD WAS NOT TRANSFERRED TO THE CIRCUIT COURT NOR TRANSFERRED TO THIS HONORABLE COURT.

We first note that this point does not comply with Rule 84.04(d). That rule says that the point relied on "shall state *briefly and concisely* what actions or rulings" are sought to be reviewed. Rule 84.04(d) (emphasis added). This point is neither brief nor concise. Nor does the point state the "wherein and why" the actions or rulings are claimed to be erroneous, again as required by Rule 84.04(d).

As previously indicated, our review of an administrative agency's decision is limited to the petition and the record before the agency. *Watkins,* 651 S.W.2d at 585. It was incumbent upon plaintiff to file that record with the circuit court and this court. *Id.,* citing section 536.130.4 RSMo (1994). The record on appeal must contain all of the record, proceedings, and evidence necessary for a determination of the questions presented to the appellate court. *Chilton,* 952 S.W.2d at 777. Arguments and statements which are not supported by the record on appeal supply no basis for appellate review. *Id.*

Plaintiff failed to file the record of the administrative proceedings before the agency in the circuit court proceedings. She contends in her brief that she made an oral request to have the record transmitted, but the Legal File contains no verified support for this assertion. Oral recitations of what happened which are neither conceded by the opposing party nor substantiated in the record present nothing for appellate review. *Id.* Therefore, the record necessary to review this asserted error in the agency's decision is not before this court.

Plaintiff's appeal is dismissed.

PUDLOWSKI and GARY M. GAERTNER, JJ., concur.