**Carey WELLS, Petitioner/Appellant,**

v.

**DIRECTOR OF PUBLIC SAFETY, Respondent/Respondent.**

No. ED 92763.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 20, 2009.

---

Steve D. Brooks, MacArthur Moten, P.C., St. Louis, MO, for appellant.

Theodore A. Bruce, Assistant Attorney General, Jefferson City, MO, for respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

■ The Director of the Department of Public Safety (the Director) filed a complaint with the Administrative Hearing Commission (AHC) seeking to discipline the peace officer license of appellant, Carey Wells. After a hearing, the AHC issued its decision determining that the Director had cause to discipline the license pursuant to section 590.080.1(2) RSMo (Cum.Supp.2008).[1] The Director thereafter held a hearing to determine whether to revoke, suspend, place on probation, or take no action against appellant's peace officer license and subsequently revoked appellant's peace officer license. The circuit court affirmed the decision of the AHC and the Director's disciplinary order. Appellant appeals. Appellant's record on appeal fails to comply with Rule 81.12 so substantially that we cannot review this appeal. The appeal is dismissed.

■ This case involved an AHC decision and a subsequent disciplinary order by the Director. In this situation, the decision of the AHC did not become final until the disciplinary order was entered. Section 621.145.[2] On judicial review, we treat the decision of the AHC and the Director's order as one decision. *Id.* Accordingly, we review the combined decision of the AHC and the Director. *See Dorman v. State*

*Bd. of Registration,* 62 S.W.3d 446, 453 (Mo.App.2001).

■ Appellant's record on appeal does not comply with Rule 81.12 in several important respects.[3] Rule 81.12(a) requires that a record on appeal contain "all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." Rule 81.12(a) specifically requires that the legal file include the judgment or order appealed from. Appellant's legal file contains the decision of the AHC, but it does not include the Director's disciplinary order. This omission prevents us from being able to review the Director's order, which is part of the decision subject to our review. *See Dorman,* 62 S.W.3d at 453; section 621.145.

■ Rule 81.12(a) also requires the legal file to include the pleadings on which the action was tried. Appellant's legal file does not include the complaint filed by the Director with the AHC or appellant's answer, nor does it include appellant's petition for judicial review filed in the circuit court. In addition, Rule 81.12(a) requires the record on appeal to contain a transcript of the proceedings and evidence not previously reduced to written form. Rule 81.12(c) places the duty to provide this court with a transcript on the appellant. The record on appeal fails to include a transcript of the proceedings before the AHC.

■ Our review of the decision of the AHC and the Director is governed by sec-

---

1. All further statutory references to Chapter 590 in this opinion will be to RSMo (Cum. Supp.2008). All other statutory references in this opinion will be to RSMo (2000).

2. To the extent they do not conflict, the provisions of Chapter 621 govern the proceedings

of the AHC in section 590.080 disciplinary proceedings. Section 590.080.6.

3. In his brief, the Director pointed out these omissions. However, appellant never sought leave to file the missing parts of the record.

tion 621.145 and sections 536.100–140. That review is limited to the petition for review and the record before the agency. *Rice v. State, Dept. of Social Services*, 971 S.W.2d 840, 842 (Mo.App.1998). Without the petition for review, we do not know the basis on which judicial review was sought. Without the complaint or answer, we do not know the basis of the complaint or the specific issues the AHC was asked to decide. Without the transcript of the proceedings before the AHC, we cannot determine, as required by section 536.140.2 RSMo (2000), "whether the agency's findings are supported by competent and substantial evidence on the record as a whole; whether the decision is arbitrary, capricious, unreasonable or involves an abuse of discretion; or whether the decision is unauthorized by law."

 In addition to omitting necessary material from the record on appeal, appellant has also included in the legal file two documents from a criminal case in the Circuit Court of St. Louis County, which do not appear to have been entered into evidence in the proceedings before the AHC or the Director. Appellant's argument on appeal is premised on the existence of these documents. We do not review materials that are not part of the agency record. *Rice*, 971 S.W.2d at 842–43. Statements in a brief that are not supported by the record supply no basis for appeal. *Id.* at 842.

■ Finally, the portions of the record that we do have strongly suggest that the issue raised on appeal was not raised before the AHC or the Director. As a general rule, we will not set aside an administrative action unless the agency has been given a prior opportunity to consider the claimed error. *See Mills v. Federal Soldiers Home*, 549 S.W.2d 862, 868 (Mo. banc 1977); *Moses v. Carnahan*, 186 S.W.3d 889, 909 (Mo.App.2006); *Jackson v.*

*Sayad*, 741 S.W.2d 847, 850 (Mo.App.1987). We cannot convict the AHC of erroneously deciding an issue never presented to it. *Jackson*, 741 S.W.2d at 850. The incomplete record filed by appellant does not show that the issue he now raises on appeal was preserved for review.

■ When an appellant fails to provide this court with all of the record, proceedings, and evidence needed to decide the questions presented, dismissal is appropriate. *See Rice*, 971 S.W.2d at 843. *See also Zlotopolski v. Director of Revenue*, 62 S.W.3d 466, 468–69 (Mo.App.2001). The appeal is dismissed.

CLIFFORD H. AHRENS, J. and NANNETTE A. BAKER, J., concur.