**Galeria OCVINA and Safeta Ocvina, Appellants,**

v.

**The BOARD OF ADJUSTMENT OF the CITY OF ST. LOUIS, George Hitt, Mona Parsley, Irene Soll, Sharon Cunningham and Joe Klitzing, Respondents.**

**No. ED 98860.**

Missouri Court of Appeals, Eastern District, Division One.

June 18, 2013.

Stephen H. Gilmore, St. Louis, MO, for Plaintiff/Respondent.

Robert M. Hibbs, St. Louis, MO, for Defendants/Appellants.

SHERRI B. SULLIVAN, J.

### Introduction

Galeria Ocvina (the Galeria) and Safeta Ocvina (Ocvina) (collectively Appellants) appeal from the circuit court's judgment affirming the City of St. Louis Board of Adjustment's decision revoking Appellants' conditional use and occupancy permits. We affirm.

### Factual and Procedural Background

Ocvina owns and operates the Galeria, a gift, tea and coffee shop at 6201–05 Gravois, St. Louis, Mo. On September 15, 2009, following a hearing, the Board of Public Service revoked Appellants' conditional use and occupancy permits for the Galeria due to violations of conditions of the permits. Appellants appealed the decision to the Board of Adjustment (the Board).

On January 20, 2010, following a hearing, the Board revoked Appellants' conditional use and occupancy permits. On February 4, 2010, Appellants appealed the Board's decision to the circuit court. On December 28, 2010, the circuit court quashed and vacated the Board's decision and remanded the matter to the Board with directions to conduct a new hearing affording Appellants the opportunity to cross-examine the witnesses presented on behalf of the City of St. Louis (City).[1]

---

1. Appellants filed a Motion to File Out of Time Supplement to Legal File seeking to file a copy of the circuit court's December 28, 2010 order which had not previously been included in the record on appeal. Respondent filed a Response in Opposition to Appellants' Motion. Appellants' Motion is granted.

On April 20, 2011, the Board held a new hearing before the same Board members. Prior to the hearing, Appellants' attorney, Stephen Gilmore (Gilmore), filed a motion to disqualify all of the Board members from rehearing the case. Following argument from Gilmore and counsel for the City, the Board took the motion under advisement and gave the parties two weeks to submit suggestions in support or opposition of the motion.

The following evidence was adduced at the hearing. Appellants have two conditional use and occupancy permits for operating the Galeria, each containing the condition that "alcohol use is prohibited at all times. This includes sales, distributing, or consuming."

Ira Seymour (Seymour), a liquor control officer, testified the City's Excise Division received a complaint of possible minors consuming alcohol at the Galeria. On July 7, 2009, liquor control officers went to the Galeria to investigate the complaint. Seymour testified that he and two other officers arrived at the Galeria at 9:40 p.m. When they entered the Galeria, there were approximately 25 people with glasses in front of them, some of which were filled with frothy, foamy liquids. Seymour approached one woman, who produced her identification upon his request. The woman admitted she was 17 years old and that she was drinking a Red Bull and vodka which she had purchased from the bar for $5. Behind the bar, the officers found a bottle of Heineken in the refrigerator, a 750–milliliter bottle of gin and a one-liter bottle of plum brandy. The cash register contained $395 and two receipts from Shop 'n Save showing alcohol purchases totaling $348. The receipts showed purchases of Red Bull, Heineken, Corona, vodka, and wine. The officers found a trash can with empty bottles of Heineken and Corona.

Seymour testified he did not see or smell any coffee or food being served in the café.

Ocvina testified the officers found the alcohol in her cafe but stated that it belonged to her daughter and one of her workers. Ocvina acknowledged alcohol was being consumed on the premises that evening. Ocvina asserted, however, she did not sell liquor to a minor that evening, and insisted she had only sold juices and coffee.

On May 11, 2011, the Board denied Appellants' motion to disqualify the Board members. The Board revoked Appellants' conditional use and occupancy permits, finding there was substantial and credible evidence that the conditions of Appellants' permits had been violated. Appellants appealed the decision to the circuit court, which affirmed the Board's revocation on July, 19, 2012. This appeal follows.

### Points Relied On

In their first point, Appellants argue the circuit court erred in affirming the decision of the Board because Appellants' motion to disqualify the Board members should have been granted in that Section 536.083 [2] provides that no person who acted as a hearing officer or conducted the first administrative hearing involving any single issue shall conduct any subsequent rehearing or appeal involving the same issue and same parties.

In their second point, Appellants argue the circuit court erred in holding the Board's decision was supported by competent and substantial evidence on the whole record.

### Standard of Review

"Appellate review of a trial court's decision on a board of adjustment decision

2. All statutory references are to RSMo 2006.

requires the appellate court to independently review the original decision of the board of adjustment, not the trial court's decision." *Baumer v. City of Jennings,* 247 S.W.3d 105, 111 (Mo.App. E.D.2008). On appeal, the Court must determine whether the Board's action is supported by competent and substantial evidence upon the whole record or whether it is arbitrary, capricious, unreasonable, unlawful, or in excess of its jurisdiction. *Id.* The evidence and reasonable inferences therefrom are viewed in the light most favorable to the Board's decision. *Id.*

"The determination as to the credibility of witnesses is strictly for the administrative tribunal, and 'if the evidence supports either of two contrary conclusions, the administrative determination must prevail.'" *Baumer,* 247 S.W.3d at 113, quoting *State ex rel. Branum v. Bd. of Zoning Adjustment of the City of Kansas City, Mo.,* 85 S.W.3d 35, 41 (Mo.App. W.D.2002).

### Discussion

### Point I—Recusal of Board Members

■ In their first point, Appellants contend all five Board members should have disqualified themselves from the April 20, 2011 hearing pursuant to Section 536.083 [3] because they conducted the original January 20, 2010 hearing.

Prior to the April 2011 hearing, the Board took up Appellants' motion to disqualify, which sought to disqualify all members of the Board. Notably, a copy of this motion was not included in the record on appeal, so the exact contents of the motion are unknown to this Court. At the hearing, Appellants argued the Board members should be disqualified because they were prejudiced and would be unable to provide an unbiased opinion due to their having heard the matter previously and that their rehearing of the case would violate Appellants' right to "due process." When asked by one of the Board members which legal rule supported this motion, Appellants' counsel replied "No particular legal rule, but it's a matter that it's already been heard. And I think that the board members would be prejudiced in this regard because they already had a hearing, made a decision, and will be hearing other evidence today. And that's my ruling; that it would be prejudicial. It would violate their constitutional rights."

Robert Hibbs (Hibbs), counsel for the City, raised the existence of Section 536.083 and argued it was inapplicable as it only applied to state agencies, and the Board was established under Chapter 89 and local ordinances.[4] Hibbs further argued disqualification was unwarranted because there had been no showing of prejudice on the part of the Board members. The Board took the motion under advisement and granted the parties 14 days to submit suggestions in support or opposi-

---

3.  Section 536.083 provides:

    Notwithstanding any other provision of law to the contrary, in any administrative hearing conducted under the procedures established in this chapter, and in any other administrative hearing conducted under authority granted any state agency, no person who acted as a hearing officer or who otherwise conducted the first administrative hearing involving any single issue shall conduct any subsequent administrative rehearing or appeal involving the same issue and same parties.

4.  Section 89.080 states that the local legislative body shall provide for the appointment of a board of adjustment and, pursuant to the regulations in Sections 89.010 to 89.140, may provide that the board "may determine and vary their application in harmony with their general purpose and intent and in accordance with general or specific rules therein contained." The St. Louis City Board of Adjustment was established by the St. Louis City Revised Code 26.84.010. See also Chapter 26.84 of the St. Louis City Revised Code (governing the Board of Adjustment).

tion of the motion. No timely suggestions on the motion to disqualify were received and the Board denied the motion.

On appeal, Appellants argue their motion should have been sustained under either Section 536.080 or 89.080. Appellants did not raise these arguments before the Board. At the hearing, Appellants relied on unsupported allegations that the Board members were prejudiced, not on Section 536.080 or 89.080.[5] When pressed for particulars, Appellant cited "[n]o particular legal rule" and the vague assertion of a violation of "constitutional rights." Now, on appeal, Appellants rely almost exclusively on their purported statutory rights.

The only reference made to Section 536.080 before the Board was by counsel for the City, and consisted entirely of argument as to why Section 536.080 was inapplicable to the proceedings. Notably, the Board gave the parties 14 days to submit suggestions in support and opposition to the motion to disqualify and Appellants failed to take this opportunity to argue the applicability of Sections 536.080 and 89.080 to the Board.

" 'Generally, administrative actions should not be set aside without an opportunity for the agency, on timely request by the complainant, to consider the issue, unless injustice might otherwise result.' " *Martin Oil Co. v. Missouri Hwy. and Transp. Commn.*, 2 S.W.3d 144, 149 (Mo. App. S.D.1999), quoting *Blevins Asphalt Constr. Co. v. Dir. of Revenue*, 938 S.W.2d 899, 902 (Mo. banc 1997).

Here, Appellants were represented by counsel at the hearing and had multiple opportunities to present the argument they assert on appeal, yet chose to advance an alternative theory. This Court finds Appellants failed to sufficiently raise the applicability of Sections 536.080 and 89.080 before the Board, thus waiving the issue for appellate review, and no injustice will result from denying Appellants review on this issue. See *Martin Oil Co.*, 2 S.W.3d at 149; and *Mills v. Fed. Soldiers Home*, 549 S.W.2d 862, 868 (Mo. banc 1977) (no injustice would result in applying the general rule because respondent was represented by counsel at the administrative agency hearing, was afforded opportunity to contest the notice, and received ample and timely notice). Appellants' Point I is denied.

### Point II—Sufficiency of the Evidence

■ As a preliminary matter, we must address Respondent's contention that this Court should not consider Appellants' second point because it violates Rule 84.04(d),[6] in that it fails to explain the legal reasons for their claim for reversible error and fails to explain in summary fashion why, in the context of the case, those legal reasons support their claim for reversible error. "In some cases, a brief may be so deficient that it precludes appellate review." *Nicholson v. Transamerica Occidental Life Ins. Co.*, 144 S.W.3d 302, 305 (Mo.App. W.D.2004). A party's failure to substantially comply with Rule 84.04 preserves nothing for review and is grounds for dismissing an appeal. *Lueker v. Mo. W. State Univ.*, 241 S.W.3d 865, 867 (Mo. App. W.D.2008). However, we prefer to dispose of a case on its merits rather than to dismiss for deficiencies in the brief. *Id.* Although Appellants' brief contains some deficiencies, it is not so deficient that it precludes our review. *Id.* Therefore, Respondent's request is denied.

■ On appeal, Appellants argue the circuit court erred in holding the Board's

---

5. Section 89.080 also provides for the appointment of three alternative members in the absence or disqualification of the regular members.

6. All rule references are to Mo. R. Civ. P.2013.

decision was supported by competent and substantial evidence on the whole record because there was an "obvious lack of evidence[.]"

On the contrary, Seymour testified that upon his and two other liquor control officers' investigation of a complaint of possible minors consuming alcohol at the Galeria, he witnessed people sitting around with glasses of frothy, foamy liquids in front of them, and upon questioning, one young woman admitted she was underage and drinking alcohol she had purchased from the bar. During a search of the premises, the officers found unopened bottles of beer, gin and brandy; empty bottles of beer in the trash and receipts for the purchase of alcohol. Although there was cash in the register, Seymour did not see or smell any coffee or food being served in the cafe. Ocvina confirmed the officers found alcohol in her cafe and that alcohol was being consumed on the premises but asserted the alcohol did not belong to her.

Based upon the evidence, this Court finds the Board's revocation was supported by competent and substantial evidence upon the record as a whole. Appellants' Point II is denied.

### Conclusion

The judgment of the circuit court is affirmed.

CLIFFORD H. AHRENS, P.J., and GLENN A. NORTON, J., concur.