

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| ARNOLD SHUTE, ET AL., | ) | No. ED112891 |
| | ) | |
| Appellants, | ) | Appeal from the Circuit Court of |
| | ) | Franklin County |
| vs. | ) | |
| | ) | Honorable Craig E. Hellmann |
| BOARD OF ZONING ADJUSTMENTS OF | ) | |
| FRANKLIN COUNTY, MISSOURI, ET AL., | ) | |
| | ) | |
| Respondents. | ) | Filed: March 4, 2025 |

### Introduction

Arnold Shute and Nancy Durnin (collectively, "Shute")[1] appeal the circuit court's judgment dismissing his petition for writ of certiorari or judicial review against the Franklin County Board of Zoning Adjustment ("Board") granting VB BTS II LLC ("Vertical Bridge") a variance for a wireless communications tower. Vertical Bridge moved to dismiss Shute's petition for two reasons: (1) the claim was barred by the "shot clock" time limitation in § 67.5096.4 and (2) Shute did not preserve his arguments before the Board.[2] The circuit court entered judgment dismissing Shute's petition without stating the reasons for its decision. Shute raises six points on appeal. In Points I and II, Shute argues his petition stated a recognized cause of action. In Point

---

[1] Mr. Shute and Ms. Durnin are owners of real estate adjacent to the property at issue in this litigation. Mr. Shute alone presented opposition testimony at the Board hearing. This Court refers to them collectively as "Shute" for simplicity. No disrespect is intended to Ms. Durnin.

[2] All statutory references are to RSMo. Cum Supp. (2023), unless otherwise specified.

III, he contends the "shot clock" time limitation does not bar his petition. In Point IV, he asserts his claims were preserved because his arguments were mentioned by the Board members. In Point V, he claims he had no duty to preserve his arguments because the Board's hearing was a noncontested case under Chapter 536. Finally, in Point VI, he contends he had no obligation to preserve his arguments because he did not bear the burden of proof.[3]

As to Points I and II, this Court holds that because Shute does not identify any actual rulings or actions of the circuit court, the Points are substantially noncompliant with Rule 84.04 and preserve nothing for review. As to Points IV-VI, this Court holds that because none of the claims in Shute's petition were raised before the Board, he failed to preserve his arguments. Because he failed to preserve his arguments, the circuit court did not err in dismissing his petition. Points I-II and IV-VI are dispositive. This Court declines to address Point III. The circuit court's judgment is affirmed.

## Factual and Procedural History

Vertical Bridge sought to build a 295-foot wireless communications tower in rural Franklin County. Vertical Bridge applied for a variance from Franklin County's 250-foot height restriction on such towers.[4] The variance application was approved following a hearing in November 2023. However, at the same hearing, the Board notified Vertical Bridge it may need to apply for a variance to the setback from the right-of-way.[5] The Board also discussed requiring Vertical Bridge to obtain a variance from the "fall zone" regulation, requiring the distance from the tower's base

---

[3] Shute argued for the first time in his reply brief that § 67.5096.4 only applies to "application[s] to construct a new wireless support structure." § 67.5096.4. He claimed Vertical Bridge's variance applications did not meet this technical definition. "Appellate courts are generally precluded from addressing assertions made for the first time in a reply brief because a respondent has no opportunity to address the argument." *Coyne v. Coyne*, 17 S.W.3d 904, 906 (Mo. App. E.D. 2000). Shute's new arguments are not preserved, and this Court does not consider them.

[4] Franklin County Article 19, Section 348(A).

[5] Franklin County requires towers to be set back from all public or private rights-of-way at a distance equal to the height of the structure. Franklin County Article 19, Section 348(C)(3). The proposed tower was 295 feet tall but only 100 feet from Highway C.

to the property line to be at least 1.5 times the tower's height.[6] However, Franklin County Unified Land Use Regulations ("regulations") provide that the Board can administratively vary the fall zone regulation if the tower owner can provide a letter from a certified engineer verifying the tower will collapse on itself.[7] The Planning Director of the Planning and Zoning Commission declared at the February 2024 hearing, "The fall zone can be varied administratively if we get [a registered engineer's letter], which we had … So, the engineer's letter was good for the fall zone requirement that they don't need on the property ...." Because Vertical Bridge submitted this letter to the Board, it determined Vertical Bridge did not need to apply for a fall zone variance.

Vertical Bridge then applied for a second variance for the setback from the right-of-way. The Board held a hearing on this application in February 2024. Shute appeared in opposition and —crucially—only argued the tower would shade his neighboring solar panel and impact its electricity generation. The Board approved the right-of-way setback variance.

Shute filed a petition in the circuit court against Vertical Bridge and the Board. He brought new claims before the circuit court. First, he alleged the Board lacked substantial and competent evidence to grant the right-of-way setback variance. Second, he alleged the tower violated the fall zone regulation and that Vertical Bridge did not submit a registered engineer's letter as required for an administrative variance by Franklin County Article 19, Section 348(C)(4).

Vertical Bridge moved to dismiss Shute's petition for two reasons: (1) Shute's petition was untimely because Missouri's "shot clock" time restriction on lawsuits challenging tower applications barred the claims, and (2) Shute failed to preserve his arguments because he did not

---

[6] Franklin County Article 19, Section 348(C)(2).
[7] Franklin County Article 19, Section 348(C)(4) states:
> If a property cannot be found in a desired area that is large enough to fully contain the fall zone on the property, an easement shall be obtained … or a letter from a certified engineer verifying the subject Wireless Support Structure will collapse on itself and be contained within the property lines.

raise them before the Board. The circuit court entered judgment dismissing Shute's petition without stating the reasons for its decision.

This appeal follows.

**Standard of Review**

The procedure for judicial review of a county board of zoning adjustment's decision is in Section 64.870.[8] *Lynch v. Franklin Cnty.*, 604 S.W.3d 855, 862 (Mo. App. E.D. 2020). "After entry of judgment in the circuit court in the action in review, any party to the cause may prosecute an appeal to the appellate court …." *Id.* (quoting *Campbell v. Cnty. Comm'n of Franklin Cnty.*, 453 S.W.3d 762, 765 (Mo. banc 2015)). Appellate review under § 64.870 is "similar to standard civil procedure in all cases in that it requires a party to first challenge the zoning decision in the circuit court and, following a decision by the circuit court, proceed with an appeal as in any other civil case." *Id.*

This Court reviews the findings and conclusions of the Board, and not the circuit court's judgment. *Weatherby Lake Improvement Co., Inc. v. City of Weatherby Lake Bd. of Zoning Adjustment*, 696 S.W.3d 499, 502 (Mo. App. W.D. 2024). Article V, section 18 of the Missouri Constitution governs this Court's scope of review, and provides that "judicial review of an agency decision shall include the determination whether the [decision is] authorized by law, and in cases in which a hearing is required by law, whether the [decision is] supported by competent and

---

[8] When analyzing whether Chapter 536 or § 64.870 applies, Rule 100.01 provides, "[S]ections 536.100 through 536.150, RSMo, shall govern procedure in circuit courts for judicial review of actions of administrative agencies *unless the statute governing a particular agency contains different provisions* for such review." Rule 100.01 (emphasis added). Section 64.870.2 authorizes "[a]ny owners, lessees or tenants of buildings, structures or land jointly or severally aggrieved by any decision of the board of adjustment" to "present to the circuit court … a petition, duly verified, stating that the decision is illegal in whole or in part, specifying the grounds of the illegality and asking for relief therefrom." The circuit court can "reverse or affirm or may modify the decision." § 64.870.2. Because § 64.870.2 is a statute particularly governing review of county board of adjustment decisions, it is a "different" provision for judicial review. *Citizens for Safe Waste Mgmt. v. St. Louis Cnty.*, 810 S.W.2d 635, 641 (Mo.App. E.D. 1991). By Rule 100.01's plain language, Chapter 536 is inapplicable here, and the petition is reviewed under § 64.870.2.

substantial evidence upon the whole record." *Id.* (quoting *Antioch Cmty. Church v. Bd. of Zoning Adjustment of City of Kansas City*, 543 S.W.3d 28, 33–45 (Mo. banc 2018)). Thus, this Court's review is twofold: "[(1)] whether the decision of the zoning board was legal in the sense of being authorized by law and [(2)] whether [the decision] is supported by competent and substantial evidence upon the whole record." *Lynch*, 604 S.W.3d at 862.

"This Court reviews the circuit court's grant of a motion to dismiss *de novo*." *Boles v. City of St. Louis*, 690 S.W.3d 592, 605 (Mo. App. E.D. 2024). "Where the circuit court does not specify its reasons for granting a motion to dismiss a petition, we may affirm the decision on any grounds raised in the motion directed against that petition." *Rice v. Midland States Bank*, 692 S.W.3d 76, 78 (Mo. App. E.D. 2024).

The Points Relied On will be analyzed out of order for clarity.

### Discussion[9]

*Points I & II: Stating a Recognized Cause of Action*
*Party Positions*

In Points I and II, Shute argues the circuit court erred in dismissing his petition because he stated a recognized cause of action for his claims that the Board's decision: (1) violated Franklin County regulations and (2) lacked competent and substantial evidence. Vertical Bridge argues the

---

[9] This Court notes Shute's brief violates Rule 84.04(e) and 84.04(d)(2)(A). Rule 84.04(e) states, "For each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved[.]" Shute did not include a statement describing whether the error was preserved. This omission violates Rule 84.04(e). Rule 84.04(d)(2)(A) states where an appellate court reviews the decision of an administrative agency instead of a circuit court, each point shall "[i]dentify the administrative ruling or action the appellant challenges." The Board is an administrative agency. *Lynch*, 604 S.W.3d at 862. Shute raised circuit court error in his brief, instead of Board error, in violation of the rule. Yet, because Shute's arguments are discernible, this Court exercises its discretion to review the claims *ex gratia*. *Penzel Constr. Co. Inc. v. Jackson R-2 Sch. Dist.*, 655 S.W.3d 434, 439 (Mo. App. E.D. 2022); *Parkview Vale. LLC v. Bd. of Zoning Adjustment for City of Kansas City*, 620 S.W.3d 268, 272 (Mo. App. W.D. 2021). However, this Court does so cautiously because "each time we review a noncompliant brief *ex gratia*, we send an implicit message that substandard briefing is acceptable. It is not." *Penzel*, 655 S.W.3d at 439.

circuit court did not make a ruling dismissing the case for failure to state a recognized cause of action.

*Analysis*

Points I and II violate Rule 84.04(d). Points Relied On must "[i]dentify the [circuit] court ruling or action that the appellant challenges." Rule 84.04(d)(1)(A). "This rule is not a judicial word game or a matter of hypertechnicality, rather it serves to notify the opposing party of the precise matters under contention and inform our Court of the issues presented for review." *Carmen v. Olsen*, 611 S.W.3d 368, 371 (Mo. App. E.D. 2020). "A point relied on that fails to comply with Rule 84.04(d) preserves nothing for review." *Hamilton v. Archer*, 545 S.W.3d 377, 380 (Mo. App. E.D. 2018). Here, Shute attempts to identify two circuit court rulings: those dismissing his claims for failure to state a recognized cause of action. However, the circuit court never made those rulings. When a circuit court does not state the basis for dismissal, as happened here, this Court "presume[s] the court's decision was based on the grounds alleged in the defendant's motion to dismiss …." *McCullen v. O'Grady*, 670 S.W.3d 94, 100 (Mo. App. E.D. 2023). In its motion to dismiss, Vertical Bridge did not argue Shute failed to plead a recognized cause of action. Accordingly, the circuit court did not dismiss based on those grounds. Points I and II consequently do not identify any actual circuit court rulings. Hence, they violate Rule 84.04(d) and preserve nothing for review. Points I and II are denied.

*Points IV-VI: Claim Preservation*
*Party Positions*

In Point IV, Shute contends his argument the tower violated the fall zone regulation was preserved because Board members mentioned the possible violation during the hearing. In Point V, Shute argues he need not preserve his arguments because the Board's hearing was a noncontested case. In Point VI, Shute asserts he need not preserve his arguments because Vertical

6

Bridge possessed the burden of proof at the hearing. For the reasons stated below, this Court disagrees.

*Analysis*

*Point IV*

In Point IV, Shute contends his argument the tower violated the fall zone regulation was preserved because Board members mentioned the possible violation during the hearing. Complainants have a duty to preserve claims in zoning litigation. *Zwick v. Bd. of Adjustment of City of Ladue*, 857 S.W.2d 325, 328 (Mo. App. E.D. 1993) (quoting *State ex rel. Weinhardt v. Ladue Prof'l Bldg., Inc.*, 395 S.W.2d 316, 322 (Mo. App. 1965)) ("The … claim of illegality was not presented to, considered by, nor ruled on by the Board … Neither we nor the circuit court can review a matter unless it was first presented to and passed upon by the Zoning Board …."). Proper preservation requires the *complainant* to raise the argument. "The general rule is that a court should not set aside administrative actions unless the agency has been given a prior opportunity, *on timely request by the complainant*, to consider the point at issue." *Sultany Trucking. LLC v. Mo. Clean Water Comm'n*, 662 S.W.3d 775, 783 (Mo. App. W.D. 2023) (emphasis added) (quoting *Morfin v. Werdehausen*, 448 S.W.3d 343, 349 (Mo. App. W.D. 2014)).  A complainant's failure to raise the argument before the Board risks the petition being dismissed. *Lynch*, 604 S.W.3d at 869 ("Under Missouri law, a reviewing court *may* refuse to consider a claim of alleged error by an administrative agency when the aggrieved party fails to raise the objection before that agency.") (emphasis added).

Here, the claims in Shute's petition before the circuit court were not raised before the Board. He did not argue: (1) the Board lacked competent and substantial evidence to grant the right-of-way setback variance or (2) the tower violated the fall zone regulation. Shute only

requested the Board consider how the tower would shade his solar panel array. That the Board remarked on the fall zone regulation does not change this analysis. It is the complainant—and the complainant alone—who must raise and preserve the arguments. *Ocvina v. Bd. of Adjustment of City of St. Louis*, 402 S.W.3d 125, 129 (Mo. App. E.D. 2013) (quoting *Martin Oil Co. v. Mo. Hwy. and Transp. Comm'n.* 2 S.W.3d 144, 149 (Mo. App. S.D. 1999)). Because the claims in Shute's petition were not raised before the Board, he failed to preserve his arguments. Because his claims were not preserved, the circuit court did not err in dismissing his petition. Point IV is denied.

*Point V*

In Point V, Shute argues he need not preserve his arguments because the hearing was noncontested under Chapter 536 and *BG Olive & Graeser. LLC v. City of Creve Coeur*, 658 S.W.3d 44, 45 (Mo. banc 2022). A noncontested case traditionally arises in litigation under Chapter 536. *City of Valley Park v. Armstrong*, 273 S.W.3d 504, 506 (Mo. banc 2009) (quoting *Furlong Cos., Inc. v. City of Kansas City*, 189 S.W.3d 157, 165 (Mo. banc 2006)). Shute cites no case applying the contested and noncontested distinction in litigation brought under § 64.870.2. Under § 64.870.2, this Court's review is "of the [Board's] action and not the judgment of the circuit court." *Lynch*, 604 S.W.3d at 862. In contrast, this Court's review of a noncontested case is of the circuit court's judgment and not the Board's action. *City of Valley Park*, 273 S.W.3d at 506–07 (quoting *Furlong,* 189 S.W.3d at 165). Thus, even if noncontested case review under Chapter 536

applied (which Shute has not demonstrated),[10] it would be irreconcilable with the standard of review under § 64.870.2[11]

Shute argues applying standard preservation rules in this context violates § 64.870.2 because it would "limit the right of appeal to persons who attended and spoke at the hearing." Standard preservation rules do not bar an appeal, but simply dictate a reviewing court's standard of review. *McClure v. State*, 543 S.W.3d 54, 57 (Mo. App. W.D. 2018) (discussing the difference between the two standards of review). Other practice areas are instructive. A criminal defendant has a statutory right to appeal a criminal conviction. *State v. Vandergrift*, 669 S.W.3d 282, 288 (Mo. banc 2023). Applying standard preservation rules does not violate this right, but merely fixes the standard of review the court will employ. *McClure*, 543 S.W.3d at 57. So too, here. Standard preservation rules do not violate an aggrieved party's statutory right to appeal the Board's decision; it simply encourages them to present their claims before the Board or risk receiving an unfavorable standard of review. While it is true the complainant risks the petition being dismissed if they do not preserve their arguments, a reviewing court may still consider unpreserved points if it believes "injustice might otherwise result." *Ocvina*, 402 S.W.3d at 129 (quoting *Martin Oil Co.*, 2 S.W.3d

---

[10] *BG Olive* is further distinguishable because the Supreme Court reviewed the zoning decision under § 536.150.1, which provides for materially different review than under § 64.870.2. *BG Olive*, 658 S.W.3d at 46. Section 536.150.1 empowers the circuit court to review under suit for "injunction, certiorari, mandamus, prohibition or other appropriate action" and authorizes it to "determine the facts relevant" and "hear such evidence" on a properly raised question. In contrast, § 64.870.2 only authorizes review under suit for a writ of certiorari and limits the evidence to the record before the Board. § 64.870.2. Any additional evidence must be taken by a referee, which did not occur in this case. *Id.* In this way, § 536.150 authorizes a wider range of petitions for review and more expansive fact-finding than § 64.870.2. *BG Olive* is thus distinguishable because its standard of review is materially different.

[11] Even if noncontested case review under Chapter 536 applied (which Shute has not demonstrated), the Board's comment "in terms of our procedures, we're informal" does not automatically mark the hearing as noncontested. "Determining whether an administrative proceeding is a contested or non-contested case is not left to the discretion of the administrative body, but is, rather, determined as a matter of law." *Smith v. City of St. Louis*, 573 S.W.3d 705, 713 (Mo. App. E.D. 2019) (quoting *Sapp v. City of St. Louis*, 320 S.W.3d 159, 162 (Mo. App. E.D. 2010)). A Board member's statement as to the informality of procedures employed is thus irrelevant to the determination of whether an administrative proceeding is contested or noncontested.

at 149). In sum, an aggrieved owner has a statutory right to an appeal but not a right to a preferred standard of review.

Shute also contends standard preservation rules are unfair because they subject citizens with no legal training to an arcane system of complicated legal issues. It would be unjust, Shute argues, to force farmers to understand the nuances of administrative law before objecting to a tower being built on their neighboring property. Standard preservation rules undeniably impose a burden upon prospective complainants in agency litigation. Missouri's public policy, however, supports standard preservation rules for two reasons. First, preservation encourages complainants to put their arguments before the Board, allowing it to rule intelligently and to avoid the delay, expense, and hardship of an appeal and re-hearing or re-trial. *Hays v. Dep't of Corr.*, 690 S.W.3d 523, 527 (Mo. App. E.D. 2024) (quoting *39 Bell LLC v. K&K Inc.*, 584 S.W.3d 823, 828 (Mo. App. W.D. 2019)). Second, preservation prevents the unfair outcome of a reviewing court convicting the Board of error on an issue not presented for its determination. *State ex rel. Sir v. Gateway Taxi Mgmt. Co.*, 400 S.W.3d 478, 493 (Mo. App. E.D. 2013) (quoting *Wells v. Dir. of Pub. Safety*, 295 S.W.3d 597, 600 (Mo. App. E.D. 2009)).

Complainants must preserve their arguments because it is efficient to incentivize them to present all possible arguments before the Board and fair for a reviewing court to only convict the Board of error on an issue presented for its determination. *Hays*, 690 S.W.3d at 527 (Mo. App. E.D. 2024) (quoting *39 Bell LLC*, 584 S.W.3d at 828); *State ex rel. Sir*, 400 S.W.3d 493 (quoting *Wells*, 295 S.W.3d at 600). Shute thus had a duty to preserve his claims. He did not. Point V is denied.

*Point VI*

In Point VI, Shute argues he need not preserve his competent and substantial evidence arguments because Vertical Bridge had the burden of proof and persuasion at the Board. Since he had no obligation to present evidence, he argues, it would be unfair to require him to present evidence to preserve his challenges. Other practice areas are once again instructive. Those without the burden of proof frequently must take affirmative actions to preserve their claims because arguments from lawyers are not evidence. *State v. Simmons*, 944 S.W.2d 165, 189 (Mo. banc 1997). In the criminal context, it is bedrock constitutional law that a defendant has no burden of proof. *State v. Weddle*, 18 S.W.3d 389, 396 (Mo. App. E.D. 2000). Still, they must make arguments to preserve their claims regarding the alleged circuit court errors. *See e.g.*, *State v. Vitale*, 688 S.W.3d 740, 745 (Mo. App. E.D. 2024) ("We have good reason to conclude that Defendant failed to make an affirmative showing that he and his counsel were unaware of the trial court's response before the appeal, and thus Defendant's claim is unpreserved."); *State v. Campbell*, 675 S.W.3d 223, 228 (Mo. App. E.D. 2023) ("To preserve a claim of error regarding the exclusion of evidence at trial, the proponent of the evidence must make an offer of proof establishing what the evidence would have been, its purpose and object, and each fact essential to establishing its admissibility."). Likewise, civil defendants do not bear a burden of proof, yet still must make arguments to preserve their claims on appeal. *Solomon v. St. Louis Cir. Att'y*, 640 S.W.3d 462, 473 (Mo. App. E.D. 2022). Thus, preservation does not improperly shift the burden of proof because arguments from lawyers are not evidence. *Simmons*, 944 S.W.2d at 189.

Shute framed his challenge in Point VI as to the "sufficiency of the evidence." Some cases hold a party is not required to preserve their sufficiency of the evidence challenge. *See Interest of E.G.*, 683 S.W.3d 261, 268 (Mo. banc 2024). However, in the administrative context, a sufficiency

of the evidence label is inappropriate; the correct term is a "competent and substantial evidence challenge." *Parkview Vale LLC*, 620 S.W.3d at 274–276. [12] A competent and substantial evidence challenge must be preserved. *Humphrey v. Tramar Contracting. Inc.*, 669 S.W.3d 151, 154–55 (Mo. App. E.D. 2023). Because Shute only claimed at the Board hearing the tower would shade his solar panel array, and made no argument as to why the Board lacked competent and substantial evidence to grant the right-of-way setback variance, Shute's claims are not preserved. Point VI is denied.

Because Points I-II and IV-VI and are dispositive, this Court declines to address Point III. *Rice*, 692 S.W.3d at 78; *see also Sullivan v. City of Univ. City,* 677 S.W.3d 844, 855 (Mo. App. E.D. 2023).

## Conclusion

The circuit court's judgment is affirmed.[13]

_____
Philip M. Hess, Presiding Judge

Gary M. Gaertner, Jr., J. and
Renée Hardin-Tammons, J. concur.

---

[12] In his petition for review at the circuit court, Shute argued the Board's decision was "not supported by substantial and competent evidence," which is the correct way to frame the argument. Shute candidly conceded in oral argument he framed Point Relied On VI as a challenge to the "sufficiency of the evidence" because of the aforementioned cases holding preservation is not required for sufficiency challenges.

[13] In an appeal from the circuit court's judgment following judicial review of the Board's decision, this Court reviews the Board's decision and not the circuit court's judgment. *State ex rel. Organic Remedies Mo. Inc. v. Bd. of Zoning Adjustment of St. Louis Cnty.*, 674 S.W.3d 508, 511 (Mo. App. E.D. 2023). "While the decision reviewed on appeal is that of the [agency] and not the circuit court, an appellate court reverses, affirms or otherwise acts upon the judgment of the trial court. Rule 84.14." *Bird v. Mo. Bd. of Architects. Prof'l Eng'rs. Prof'l Land Surveyors & Landscape Architects*, 259 S.W.3d 516, 520 n.7 (Mo. banc 2008). Other courts have affirmed the circuit court's judgment under § 64.870. *Lynch*, 604 S.W.3d at 874.