

# In the
# Missouri Court of Appeals
# Western District

| | | |
|---|---|---|
| **STATE OF MISSOURI,** | ) | |
| | ) | |
| **Respondent,** | ) | **WD78385** |
| | ) | |
| v. | ) | **OPINION FILED:  March 1, 2016** |
| | ) | |
| **BOBBY DONALD McCLURE,** | ) | |
| | ) | |
| **Appellant.** | ) | |

**Appeal from the Circuit Court of Howard County, Missouri**
The Honorable Scott A. Hayes, Judge

Before Division One:  Lisa White Hardwick, Presiding Judge, Victor C. Howard, Judge
and Gary D. Witt, Judge

Appellant Bobby McClure ("McClure") was convicted following a jury trial in the

Circuit Court of Howard County of statutory sodomy in the first degree, section

566.062.1,[1] and child molestation in the first degree, section 566.067.  McClure now

appeals and argues the trial court abused its discretion in admitting State's Exhibit 7, a

video-recording of an interview with the child victim ("T.S."), conducted by a child

---

[1] All statutory citations are to RSMo 2000, as updated through the 2015 Cumulative Supplement, unless otherwise indicated.

advocacy center, because the time, content, and circumstances of T.S.'s statement did not satisfy the indicia of reliability requirements of section 491.075.1. We affirm.

## FACTUAL BACKGROUND[2]

In 2003, T.S., the child victim, was seven years old. McClure, T.S.'s step-father, lived with T.S., T.S's mother, and T.S.'s brother. T.S. testified that in 2003 McClure had repeatedly sexually assaulted her. For example, one time when T.S. was sitting on McClure's lap in a recliner, he placed her hand on his penis. On another occasion, T.S woke with her panties removed and McClure's head between her legs with his tongue touching her vagina. In another instance, McClure took T.S. to his bed and laid down with her. He took off her panties and attempted to put his penis in her vagina.

In 2004, when she was eight years old, T.S.'s uncle asked her whether McClure had touched her inappropriately. T.S. responded that McClure had touched her and then repeated the allegations to her aunt. Police investigated T.S.'s allegations in 2004 and asked T.S. what had occurred. T.S. told the investigating officer that McClure had stuck his finger into her vagina. T.S. was taken to the Rainbow House Child Advocacy Center ("CAC") to be interviewed in 2004 but she refused to speak with the interviewer. No charges were brought against McClure in 2004, and T.S. permanently relocated to live with her grandparents.

---

[2] "Defendant does not challenge the sufficiency of the evidence to support his convictions; thus, a brief summary of the ... facts of the case will suffice for our review." *State v. Gaines*, 342 S.W.3d 391 n.2 (Mo. App. W.D. 2011) (quoting *State v. Johnson*, 150 S.W.3d 132, 134 (Mo. App. E.D. 2004)). "Furthermore, '[w]e view the facts in the light most favorable to the verdict.'" *Id*. (quoting *State v. Allison*, 326 S.W.3d 81, 85 (Mo. App. W.D. 2010)).

T.S. was again interviewed by the CAC in 2007. This interview was video recorded. In the interview, T.S. stated that she had moved to live with her grandparents because of McClure. T.S. remained closed and guarded when she was asked what had happened between her and McClure but confirmed that there had been something about touching and she circled the genital area on an anatomical drawing to show where McClure had touched her. T.S. said McClure had touched her more than once and that it happened at her "mom's house." The video recording of the 2007 CAC interview ("2007 CAC Interview") was admitted at trial and shown to the jury.

McClure was found guilty of first-degree statutory sodomy and first-degree child molestation. He was acquitted of a charge of attempted statutory rape. McClure was sentenced as a prior and persistent offender to concurrent terms of life imprisonment on each count. McClure now appeals.

## POINT ON APPEAL

In his sole point on appeal, McClure argues that the trial court abused its discretion in admitting the 2007 CAC Interview because it violated his right to due process of law and a fair trial in that the time, content, and circumstances of T.S.'s statements in the 2007 CAC Interview failed to provide sufficient indicia of reliability as required by section 491.075.1 since it was made several years after the alleged events and was inconsistent with T.S.'s version at the time of the events.

## STANDARD OF REVIEW

Generally, our review of the trial court's decision to admit hearsay testimony under section 491.075 is limited to whether the trial court has abused its discretion. *See State v.*

3

*Porras*, 84 S.W.3d 153, 156 (Mo. App. W.D. 2002). However, this standard only applies where there has been a proper objection at trial to preserve the claim for appeal. Where no proper objection is made at trial, even if the same objection was raised and denied at the section 491.075 hearing, the objection is not preserved and may only be analyzed under plain error review. *See State v. Heckenlively*, 83 S.W.3d 560, 567 (Mo. App. W.D. 2002); *see also, State v. Copeland*, 95 S.W.3d 196, 200 (Mo. App. S.D. 2003).

Here, McClure claims he objected to the admission of the 2007 CAC Interview at trial and the alleged error has therefore been preserved for appeal. We disagree. At trial, McClure objected to the exhibit on three grounds: (1) lack of foundation because the CAC interviewer had not testified about the substance of the interview; (2) materials in the video may have been subject to motions in limine in the case; and (3) the video could constitute improper bolstering. McClure did not object at trial that the 2007 CAC Interview should not be admitted because the statements therein did not satisfy the indicia of reliability requirements or any other requirements of section 491.075.

Accordingly, pursuant to Rule 30.20, McClure's claim of error may only be considered under plain error review. *Heckenlively*, 83 S.W.3d at 567.

> Rule 30.20 authorizes this Court to review, in its discretion, "plain errors affecting substantial rights ... when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Our Supreme Court has established a threshold review to determine if a court should exercise its discretion to entertain a Rule 30.20 review of a claimed plain error. First, we determine whether or not the claimed error "facially establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted[.]'" *State v. Brown,* 902 S.W.2d 278, 284 (Mo. banc 1995) (quoting Rule 30.20). If not, we should not exercise our discretion to conduct a Rule 30.20 plain error review. If, however, we conclude that we have passed this threshold, we may proceed to review the claim under a

4

two-step process pursuant to Rule 30.20. In the first step, we decide whether plain error has, in fact, occurred. [*State v. Baumruk,* 280 S.W.3d 600, 607 (Mo. banc 2009)]. "All prejudicial error, however, is not plain error, and plain errors are those which are evident, obvious and clear." *Id.* (citations and internal quotation marks omitted). In the absence of evident, obvious, and clear error, we should not proceed further with our plain error review. If, however, we find plain error, we must continue to the second step to consider whether or not a miscarriage of justice or manifest injustice will occur if the error is left uncorrected. *Id.* at 607–08.

*State v. Flores,* 437 S.W.3d 779, 789 (Mo. App. W.D. 2014).

## ANALYSIS

We conclude that McClure's claim does not facially establish substantial grounds for believing that a miscarriage of justice or manifest injustice has resulted and we therefore decline plain error review. Because T.S. actually testified at trial and was available for cross-examination, even if the challenged statements were erroneously admitted under section 491.075, McClure was not prejudiced. This failure alone would justify our dismissal of this point without further consideration. *Id.*

The facts of *State v. Tindle* are similar to the facts at bar. 395 S.W.3d 56, 63 (Mo. App. S.D. 2013). In *Tindle*, defendant complained that the admission of a CAC interview tape was inadmissible hearsay and, in that case, the State conceded the point. *Id.* at 62-63. The hearsay declarant, however, testified at trial and was subject to cross-examination. *Id.* at 63. The court stated:

If hearsay testimony is erroneously admitted, the admission does not require reversal unless the defendant was prejudiced as a result. *State v. Harrison*, 213 S.W.3d 58, 76 (Mo. App. S.D. 2006). "A defendant is not prejudiced by hearsay testimony that is merely cumulative of evidence already before the trial court, especially if that evidence was presented by another witness who was subject to cross-examination." *State v. Atkeson*, 255 S.W.3d 8, 11 (Mo. App. S.D. 2008). Indeed, *"prejudice will not be*

5

*found* from the admission of hearsay testimony where the declarant was also a witness at trial, testified on the same matter, and was subject to cross-examination because the primary defects in hearsay testimony are alleviated." [*State v. Steele*, 314 S.W.3d 845, 850 (Mo. App. W.D. 2010].

*Id*. (emphasis added). This result is in accord with other cases that have held that the admission of hearsay evidence, even if in error, does not result in prejudice where the declarant testifies at trial and is subject to cross-examination regarding the statements. *See State v. Bright*, 782 S.W.2d 91, 92 (Mo. App. E.D. 1989); *State v. Hankins*, 612 S.W.2d 438, 439-40 (Mo. App. S.D. 1981).

In this case, T.S., the declarant of the hearsay evidence, testified at trial regarding the same subject matter as that contained in the 2007 CAC Interview, and was subject to cross-examination by McClure. Accordingly, McClure has not and cannot establish substantial grounds to suggest that a miscarriage of justice or manifest injustice has resulted. We therefore decline to review the point under plain error.

The point is denied.

## CONCLUSION

The judgment and sentence of the Circuit Court is affirmed.

_____
Gary D. Witt, Judge

All concur

6