**STATE of Missouri, Plaintiff–Respondent,**

v.

**Arlie Richard LEWIS, Jr., Defendant–Appellant.**

**No. SD 34314**

Missouri Court of Appeals, Southern District, Division One.

Filed: Mar. 30, 2017

---

AMY M. BARTHOLOW, Columbia, MO, for Appellant.

MARY H. MOORE, Jefferson City, MO, for Respondent.

DON E. BURRELL, J.—OPINION AUTHOR

A jury found Arlie Richard Lewis, Jr. ("Defendant") guilty of statutory sodomy, three counts of possession of child pornography, and two counts of possession of more than twenty still images of child pornography. *See* sections 566.062 and 573.037.2(1)(a).[1] The statutory sodomy offense occurred between May 2009 and October 20, 2011.

In a single point relied on, Defendant claims the trial court abused its discretion in allowing the admission of out-of-court statements made by Defendant's child ("Child"), the victim of the statutory sodomy offense, because (1) the statements were "prompted by suggestive questioning by" Mother; and (2) "the statements lacked spontaneity and consistency."

Because Defendant's theory on appeal is different from the one presented to the trial court, and no manifest injustice appears, we affirm Defendant's convictions. We remand the matter, however, and direct the trial court to enter an amended judgment of conviction and sentence that conforms to the court's oral pronouncement at sentencing.

### Governing Law and Applicable Principles of Review

Section 491.075 provides, *inter alia*, that "[a] statement made by a child under the age of fourteen ... relating to an offense under chapter 565, 566, 568 or 573" that is "not otherwise admissible" is nonetheless admissible in a criminal proceeding "as substantive evidence to prove the truth of the matter asserted" under certain circumstances. Section 491.075.1. One such circumstance exists when, after an evidentiary hearing, the trial court determines that "the time, content and circumstances of the statement provide sufficient indicia of reliability[,] and ... [t]he child ... testifies at the proceedings[.]" Section 491.075.1(1) and (2)(a). The trial court is to judge the reliability of the statement based upon the totality of the circumstances. *State v. Wadlow*, 370 S.W.3d 315, 320 (Mo. App. S.D. 2012). Non-exclusive factors to be considered are: "(1) spontaneity and consistent repetition; (2) the mental state of the declarant; (3) the lack of a motive to fabricate; and (4) knowledge of subject matter unexpected of a child of similar age." *State v. Sprinkle*, 122 S.W.3d 652, 661 (Mo. App. W.D. 2003).

"We review a trial court's decision to admit or exclude a child's out-of-court statements following a § 491.075 hearing for abuse of discretion." *State v. Barker*, 410 S.W.3d 225, 232 (Mo. App. W.D. 2013).

The trial court abuses its discretion only where the trial court's findings are not supported by substantial evidence in the record, *State v. Thompson*, 341 S.W.3d 723, 729 (Mo.App. [E.D.] 2011), and the decision to admit evidence is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that the decision shocks the sense of justice and indicates a lack of careful, deliberate consideration, *State v. Kennedy*, 107 S.W.3d 306, 310 (Mo.App. [W.D.] 2003). If reasonable persons can differ as to the propriety of the trial court's action, then it cannot be

---

1. All statutory references are to RSMo Cum. Supp. 2013.

said that the trial court abused its discretion.

*State v. Nelson*, 465 S.W.3d 533, 539 (Mo. App. S.D. 2015).

 "On appeal, a defendant may not broaden the objection presented to the circuit court." *State v. Tisius*, 362 S.W.3d 398, 405 (Mo. banc 2012). "The objection at trial must be specific, and on appeal, the same grounds must be relied upon." *Id.* If the "[d]efendant's argument on appeal is not based upon the same theory as his objection at trial, [the defendant's point] is not properly preserved and is therefore subject only to plain error review." *State v. White*, 466 S.W.3d 682, 686 (Mo. App. E.D. 2015). Plain error review is discretionary, *State v. Whitaker*, 405 S.W.3d 554, 559 (Mo. App. E.D. 2013), and such review is not justified simply because a trial error has been alleged. *State v. Valentine*, 646 S.W.2d 729, 731 (Mo. 1983). "Errors are plain if they are evident, obvious and clear[,]" *White*, 466 S.W.3d at 686, and our first step in deciding whether to engage in plain error review is to determine "whether the claim for review facially demonstrates substantial grounds for believing that a manifest injustice or a miscarriage of justice has resulted." *Whitaker*, 405 S.W.3d at 559.

### Factual and Procedural Background

We limit our summary of the relevant evidence to that necessary to decide Defendant's point on appeal, and we view it "in the light most favorable to the verdict." *State v. Baumruk*, 280 S.W.3d 600, 607 (Mo. banc 2009). The trial court held a pretrial section 491.075 hearing ("the 491 hearing") in January 2013 in response to the State's motion to permit "hearsay testimony and evidence related to the statements of [Child.]" The following evidence was adduced at that hearing.

Mother testified that on October 19, 2011, she found "[p]ictures of child pornography" on Defendant's phone. The next day, she left with Child. Mother recalled that before they moved out, Child had displayed "grinding" behavior "[q]uite a few" times by straddling an object and rocking back and forth on it in what appeared to be a sexual manner. There were also "quite a few times" when Child exposed "her bottom parts" and let their pet dog lick her bottom.

On one occasion after they moved out, Mother and Child were watching a movie together, and Mother noticed Child masturbating. Mother asked Child what she was doing, and Child "said [the dog] licked me[.]" Mother asked, "[D]id anybody else ever lick you down there[?]" Child answered, "Daddy." Mother reported Child's disclosure to the police. Mother took Child to counseling and attended the sessions with her. During one of these sessions, Child "said Daddy licked my butt."

Mother testified that on another occasion, Child was playing with other children at a relative's home. Mother went to check on the children, and she discovered that Child had her underwear on, but "her pants off rolling around on the floor talking about daddy licked her butt." Mother testified that she had heard Child make such statements "a good ten times."

After the State concluded its presentation of evidence, defense counsel opposed the admission of Child's out-of-court statements on the basis that there had been "no showing of significant emotional trauma as required under the statute[,] and it would be a violation of" Defendant's constitutional right to confront a witness. The trial court took the matter under advisement. In March 2013, the trial court found, *inter alia*, "that the time, content and totality of the circumstances surrounding the statements … do provide sufficient indicia of reliability to allow the admission of the out-of-court statements[.]"

At Defendant's December 2015 trial, Mother was the first witness. When the prosecutor asked her whether Child had ever made "any statements about [Defendant,]" defense counsel [2] made the following objection:

> Judge, I would object at this time to the hearsay evidence that I expect that [Mother] is going to testify to regarding the statements of [Child]. I would object because it was determined by this Court that [Child] was unavailable three years ago and it would be a violation of [Defendant's] Constitutional rights to proceed with this hearsay. Because now the Court has said [Child] is available, we have not been given an opportunity to depose [Child] to adequately prepare our defense for [Defendant]. Therefore, it's a violation of his right to a fair trial. It's also a violation of his confrontation right, that we were expecting to do a video depo of [Child] which was not done. And since this all ties together with [Child] being unavailable, I would object to the hearsay testimony of [Mother] regarding the statements of [Child].

The trial court overruled the objection, and the State rephrased its question as: "Did [Child] make some statements concerning things that her father did to her?" Mother responded by describing events where Child "would say Daddy licked my butt[.]" Mother recalled one occasion on which Child told Mother to "lick my butt." Mother explained to Child that this was inappropriate. Mother asked Child whether "anybody ever licked her bottom and she said the dog . . . . [Mother] said, okay, anybody other than the dog?" According to Mother, Child stated, "Dad" or "Daddy[.]" Mother went on to describe another occasion on which Child was visiting with other children at a relative's house, and when Mother checked on them, she found Child

on "the floor with, again, her pants pulled down, giggling, rolling around, [sic] Daddy licked my butt, Daddy licked my butt."

Child was the State's next witness. She testified that she was six years old at the time of trial. Child testified that she did not "remember anything about" Defendant. On cross-examination, she testified that she neither remembered her "daddy['s]" name nor what he looked like.

A police detective and a police captain also testified on behalf of the State. Over 90 exhibits were admitted as a part of the State's evidence, including an October 26, 2011 recorded interview of Defendant conducted by the police captain.

Defense witnesses included a former forensic interviewer who had interviewed Child during the investigation, and Defendant himself.

After the jury returned its guilty verdicts, Defendant filed a motion for new trial that, as relevant here, included a claim that "[t]he trial court erred in overruling [D]efendant's objection to the hearsay statements of [Mother]." The basis for the claim in the motion was that

> [t]he [S]tate asked [Mother] what [Child] had said regarding the allegations against [D]efendant. This question called for hearsay. This constituted unfair surprise and violated [D]efendant's rights to due process, confrontation, counsel, under the 5[th], 6[th] and 14[th] Amendments to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution.

The motion for new trial did not claim that admitting Mother's testimony about Child's statements failed to satisfy the requirements of section 491.075 because Mother either prompted the disclosure with suggestive questioning or Child's statements were not spontaneous or consistent.

---

**2.** The lawyer that represented Defendant at the 491 hearing did not represent him at trial.

The trial court denied the motion for new trial and sentenced Defendant to a total of 28 years in the Department of Corrections. This appeal timely followed.

## Analysis

Defendant's point states:

The trial court erred in admitting, over [Defendant's] objection, [Mother's] testimony about [Child's] out-of-court statements that 'daddy licked my butt' because the admission of these out-of-court statements under Section 491.075 for their truth deprived [Defendant] of his rights to due process and to confrontation as guaranteed by the Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States and Article I, Sections 10 and 18(a) of the Missouri Constitution, *because* (1) the record indicates that the disclosure was prompted by suggestive questioning by [Mother] after [Child] said the dog licked her butt, and (2) the statements lacked spontaneity and consistency. The admission of the out-of-court statement [sic] resulted in prejudice to [Defendant], since absent this evidence, there is a reasonable probability that the outcome of his trial would have been different.

(Emphasis added.)

While Defendant's point is similar to his trial objection and motion for new trial in that it asserts a violation of Defendant's constitutional rights, neither the trial objection nor the motion for new trial included a claim that the trial court erred in admitting the statements because the requirements of section 491.075 were not satisfied or, more specifically, that Mother had prompted Child's statements with suggestive questioning and the statements were not spontaneous or consistent. Defendant summarizes his argument in support of his point as follows.

This Court should find that the trial court abused its discretion in allowing [Mother] to testify about [Child's] alleged out-of-court statements that 'daddy licked my butt,' as the statements did not possess a sufficient indicia of reliability because of the time, content, and circumstances of the statements made by [Child].

Significantly, Defendant's argument focuses on whether Child's statements were supported by sufficient indicia of reliability so as to satisfy the requirements of section 491.075; he does not develop an argument that section 491.075 is either facially unconstitutional or that the trial court construed it in an unconstitutional manner. As a result, we cannot review any constitution-based complaints about section 491.075 in this appeal. *Cf. State v. Muhammad*, 478 S.W.3d 468, 474 (Mo. App. W.D. 2015) (constitutional argument contained in point but not developed in argument portion of the brief is deemed abandoned).

 Defendant's new claim on appeal is that the trial court abused its discretion because Child's "statements were not admissible due to their lack of reliability"—a claim never presented to the trial court for its consideration and ruling. Defendant's trial objection did not include the reliability grounds he now asserts on appeal, *cf. Tisius*, 362 S.W.3d at 405, and his "argument on appeal is not based upon the same theory as his objection at trial[.]" *White*, 466 S.W.3d at 686. "Where no proper objection is made at trial, even if the same objection was raised and denied at the section 491.075 hearing, the objection is not preserved and may only be analyzed under plain error review." *State v. McClure*, 482 S.W.3d 504, 507 (Mo. App. W.D. 2016).

Defendant has not requested plain error review, and we exercise our discretion

against engaging in any such unrequested review because Defendant's point does not facially reveal "substantial grounds for believing that a manifest injustice or miscarriage of justice has resulted[,]" *Whitaker*, 405 S.W.3d at 559, in that his argument does not address the significance of other evidence admitted at trial. Defendant's point is denied.

The judgment of conviction and sentence is affirmed, but we remand the case to the trial court for the sole purpose of correcting inconsistencies between the written judgment and the oral pronouncement of judgment and sentence. *Cf. State v. Bruce*, 503 S.W.3d 354, 359 (Mo. App. S.D. 2016) (the oral pronouncement of sentence controls when the written judgment materially varies from the oral pronouncement; and a clerical error occurs when the written judgment does not accurately memorialize the judgment "as announced in open court") (quotation omitted).

At the sentencing hearing, the trial court sentenced Defendant to 20 years on the statutory sodomy offense (Count 5), eight years on each of the two counts charging possession of more than 20 images of child pornography (Counts 4 and 6), and seven years on each of the three remaining counts of possession of child pornography (Counts 1, 2, and 3). The trial court ordered that the sentence on Count 4 "will be consecutive to" Count 5, Count 6 "shall be concurrent[,]" and the sentences on the remaining counts "shall run concurrent." The trial court stated that Defendant "will do 28 years in the Missouri Department of Corrections[.]"

The text of the written judgment declares the sentence on each of Counts 1, 2, and 3 as "SEVEN (7) YEARS DOC[.]" It states that the sentence for Count 4 was "EIGHT (8) YEARS DOC"; the sentence for Count 5 was "TWENTY (20) YEARS DOC"; and the sentence for Count 6 was "EIGHT (8) YEARS DOC (COUNTS 5 AND 6 TO RUN CONSECUTIVE TO ONE ANOTHER) OTHER COUNTS ARE CONCURRENTLY TO 5 AND 6[.]" Then, under a section entitled "further orders[,]" the written judgment again states: *"EIGHT (8) YEARS DOC* (COUNTS 5 AND 6 TO RUN CONSECUTIVE TO ONE ANOTHER) OTHER COUNTS ARE CONCURRENTLY TO 5 AND 6[.]" (Emphasis added.) The written judgment's indication that count 6 is consecutive to count 5 is inconsistent with the oral pronouncement of sentence, and the further order of "EIGHT (8) YEARS DOC" that comes after the recitation of the sentence on each count is not part of the oral pronouncement of sentence and should be stricken.

JEFFREY W. BATES, P.J.—CONCURS

MARY W. SHEFFIELD, C.J.—CONCURS