WD 80016 C/w WD 79973, WD 80017 and WD 80018
OPINION FILED: January 2, 2018 Motion for Rehearing and/or Transfer to Supreme Court Denied January 30, 2018
Gary D. Witt, Judge *355 In four separate actions, all stemming from one traffic stop, Appellant Joshua Morgan Gorombey ("Gorombey") was charged with failure to produce an insurance card, section 303.025,[1] speeding, section 304.010, failure to produce a driver's license, section 302.020, and failure to yield to an emergency vehicle, section 304.022. Following a bench trial[2] in the Circuit Court of Clay County, Missouri, Gorombey was found guilty on all charges and issued fines on each of the charges except the charge of failure to yield to an emergency vehicle for which he was sentenced to ten days in the county jail. This appeal followed.
Factual Background3, [4]
On May 10, 2016, at approximately 11:00 a.m., Gorombey was driving his vehicle southbound on Interstate Highway 435 in Clay County, Missouri. Corporal Salfrank ("Corporal Salfrank") of the Missouri State Highway Patrol used his laser speed detection unit to determine that Gorombey was traveling at 93 miles per hour in a construction zone with a reduced posted speed of 55 miles per hour.[5] Corporal Salfrank activated his emergency lights in an attempt to stop Gorombey. Gorombey did not immediately pull his vehicle over or indicate an intention to do so. Instead, Corporal Salfrank, who could see Gorombey *356 looking at him in his rearview mirror, motioned with his finger to pull over and Gorombey gestured several times, shaking his head "no." Corporal Salfrank gestured again, and again Gorombey shook his head "no." Eventually, Gorombey exited Interstate Highway 435 on to Highway 210, despite the fact that Interstate Highway 435 had larger, and thus safer shoulders. Gorombey stopped at the bottom of the exit ramp where there was no shoulder and his vehicle was partially blocking the ramp. Gorombey traveled approximately one half mile between the time Corporal Salfrank initiated his emergency lights and stopping his vehicle.
Gorombey entered a plea of not guilty as to all four citations. A bench trial was held on July 27, 2016, at which Gorombey appeared pro se. Corporal Salfrank testified on behalf of the State regarding the events in questions, consistent with the facts as set forth above. Although Gorombey initially sought to play a cell phone recording from the traffic stop, following questioning by the State and court, ultimately Gorombey did not seek to admit the recording into evidence. The trial court found Gorombey guilty of all crimes as charged, ordered Gorombey to pay fines and court costs, plus sentenced Gorombey to ten days in county jail for the charge of failure to yield to an emergency vehicle. Gorombey posted appeal bond and this appeal followed.
Discussion
I.
Gorombey raises six points of error on appeal.[7] Gorombey's first Point Relied *357 On alleges the trial court denied Gorombey due process by allowing Corporal Salfrank to testify because Corporal Salfrank was not competent to act as a witness. Gorombey's argument appears to be two fold. First, Gorombey appears to contend that because he was not engaged in " 'Commerce' as defined in 49 U.S. Code § 31301 ," he was not subject to the laws Corporal Salfrank sought to enforce. Second, that Gorombey was denied due process because he was not allowed to fully question Corporal Salfrank as to the legal definitions of "commerce" and Corporal Salfrank was not able to answer Gorombey's questions regarding the legal definitions to Gorombey's satisfaction. Therefore, he concludes that Corporal Salfrank was incompetent to testify.
"Missouri presumes that a witness is competent to testify, except for a few statutory exceptions including mental capacity." Cardenas v. Dir. of Revenue , 339 S.W.3d 608, 612 (Mo. App. S.D. 2011). Specifically, a witness is competent if he or she shows "(1) a present understanding of, or the ability to understand upon instruction, the obligation to speak the truth; (2) the capacity to observe the occurrence about which testimony is sought; (3) the capacity to remember the occurrence about which testimony is sought; and (4) the capacity to translate the occurrence into words." State v. Robinson , 835 S.W.2d 303, 307 (Mo. banc 1992). Whether a witness is competent to testify is a question for the trial judge who is given wide discretion in making such determination. Section 491.380.1; State v. Martineau , 932 S.W.2d 829, 832 (Mo. App. S.D. 1996). If not raised at the earliest possible time, objections to competence are waived. State v. Hastings , 477 S.W.2d 108, 111 (Mo. banc 1972).
Gorombey never objected to Corporal Salfrank's testimony on the basis of competence and thus any such objection is waived. If an objection is not preserved for appeal, we will review only for plain error. State v. McClure , 482 S.W.3d 504, 507 (Mo. App. W.D. 2016). Plain errors are only those that are "evident, obvious, and clear error" that result in a "miscarriage of justice or manifest injustice." Id.
We find no error, plain or otherwise. Corporal Salfrank was present and personally observed all of the factual events that formed the basis of his testimony. Gorombey cites no persuasive case law or other authority for the proposition that a person must be engaged in commerce to be subject to the traffic laws established by the State. Section 304.010.2(3) establishes uniform maximum speeds for interstate highways at sixty miles per hour. "On any state road or highway where the speed limit is not set pursuant to a local ordinance, the highways and transportation commission may set a speed limit higher or lower than the uniform maximum speed ... [if] recommended by the department of transportation." Section 304.010.3.
None of the statutes governing Missouri's laws regarding speed limitations on highways have an exception that such limitations only apply to those engaged in "commerce" as defined by the U.S. code governing "Commercial Motor Vehicle Operators." 49 U.S.C. 313. Missouri has the authority to regulate speed for public safety, including criminal sanctions and has done so by establishing statutes setting forth such regulation. Gorombey's arguments regarding the commerce clause to these events are legal arguments regarding the application of the law to the facts and have no impact on Corporal Salfrank's *358 competency to testify as to the facts of the violations.
Further, under the elements laid out in Robinson , Corporal Salfrank's allegedly deficient answers as to statutory definitions-or the court's prohibition as to questions regarding legal definitions-did not render Corporal Salfrank to be an incompetent witness. Generally, witnesses testify as to facts and do not express opinion as to the ultimate issue of guilt which is determined by the fact finder or opinions on the law which must ultimately be determined by the judge. See, e.g. , State v. White , 466 S.W.3d 682, 688-89 (Mo. App. E.D. 2015) (detective did not testify as to issues that were for the factfinder's determination or as to defendant's ultimate guilt); Rice v. Bol , 116 S.W.3d 599, 612 (Mo. App. W.D. 2003) ("Under our system of jury instruction, it is the responsibility of the trial court to determine and instruct the jury on the applicable law, which the jury is then to apply to the facts, which it determines in rendering its verdict."). Nor did Gorombey establish that Corporal Salfrank's testimony violated Gorombey's due process rights.
Point one is denied.
II.
Gorombey's second point on appeal alleges that he was denied due process because he was not allowed to admit a cell phone recording of the traffic stop into evidence, that the court sustained "several" of the State's objections, and overruled "several" of Gorombey's objections. Point Relied On Two is multifarious in that it presents distinct claims of error that are required to be asserted in separate points relied on. See State v. Robinson , 454 S.W.3d 428, 437 n. 6 (Mo. App. W.D. 2015). In general, multifarious points preserve nothing for appellate review and are subject to dismissal. However, because we prefer to decide cases on the merits to the extent appellant's arguments are understandable, we attempt to address Gorombey's allegations of error to the extent possible.
The court provided Gorombey an opportunity to play the cell phone recording of the traffic stop to the extent that the recording would be something the court should consider as a defense to the charges against Gorombey. Instead of going forward with his request, Gorombey began to again argue the role of the legal definition of "commerce" in his defense and did not further attempt to seek to admit the recording into evidence or play it for the fact finder. As such, there was no error in failing to admit the cell phone recording because it was never actually offered into evidence. "Affirmatively acquiescing to an action by the trial court waives even plain error review." State v. Evans , 517 S.W.3d 528, 548 (Mo. App. S.D. 2015) (citing State v. Johnson , 284 S.W.3d 561, 582 (Mo. banc 2009) ). "Normally an appellate court will not review evidence excluded by the [circuit] court unless a specific and definite offer of proof was made at trial ... show[ing] ...: (1) what the evidence will be; (2) the purpose and object of the evidence; and (3) each fact essential to establishing the admissibility of the evidence." Terry v. Mossie , 59 S.W.3d 611, 612 (Mo. App. W.D. 2001) (quoting State v. Hirt , 16 S.W.3d 628, 633 (Mo. App. W.D. 2000)). In this case, Gorombey asks this Court to not only review his own failure to offer an exhibit into evidence but to do so without any of the required showings necessary for our proper review.
Gorombey's other allegations of error relate to the trial court's rulings on various objections made by the State and Gorombey. As Gorombey does not make specific legal arguments as to any specific objections *359 or cite authoritative support for his arguments, we cannot address his allegations of error.
Point two is denied.
III.
Gorombey's third point on appeal alleges that he was denied due process because the State failed to state a cause of action thus there was insufficient evidence to support a conviction. The State charged and tried Gorombey with Exceeding the Posted Speed Limit by 26 miles per hour or more, section 304.010, Failing to Yield to an Emergency Vehicle, section 304.022, Operating a Motor Vehicle without Maintaining Financial Responsibility, section 303.025, and Operating a Vehicle on a Highway without a Valid License, section 302.020. These are crimes established by the legislature and the State properly charged and tried them. Copies of the citations are found in the Legal Files and the testimony of Corporal Salfrank was sufficient to support the charges filed.
Gorombey's brief cites to civil cases noting that there must be a violation of rights to have standing to bring a cause of actions. See Luckie v. McCall Mfg. Co. , 153 So.2d 311 (Fla. App. 1963) ; E. Mo. Laborers Dist. Council v. St. Louis Cnty. , 781 S.W.2d 43 (Mo. banc 1989). These cases are civil in nature and not applicable to the criminal proceedings currently before this Court. The only criminal case cited by Gorombey merely stands for the proposition that there must be evidence a crime was committed before a person can be found guilty. See State v. Allen , 335 So.2d 823, 825 (Fla. 1976). Corporal Salfrank presented sufficient testimony to support the elements of the crimes charged to allow the fact finder to determine they were committed. Gorombey fails to show how such testimony was deficient, presenting little argument and instead attempting to apply the cases as cited as authority to the particular facts before the court. Thus, it is unclear how the cases would support a finding that Gorombey's due process rights were violated.
Point three is denied.
IV.
Gorombey's fourth point on appeal alleges that the trial court erred in denying Gorombey's motion to dismiss all charges because of a lack of jurisdiction. Gorombey argues that because he is not accused of violating anyone's legal rights, there is no crime. The crimes with which Gorombey is charged do not require proof of injury to another individual to establish guilt. As noted above, the State has the right to establish laws for the public's welfare and this includes requirements as to speed on a roadway, having a license to operate a vehicle, the requirement of insurance, and requiring citizens to yield to emergency vehicles. Mo. Const. art. III. Sec. 1 ; See generally, City of Springfield v. Clouse , 356 Mo. 1239, 206 S.W.2d 539, 543 (Mo. 1947). The purpose of many criminal statutes is to protect the public at large from an individual's actions and no showing of a particularized injury to an individual is required. See State v. Laplante , 148 S.W.3d 347, 350 (Mo. App. S.D. 2004). Gorombey presents no coherent argument raising a question as to the jurisdiction of the trial court over these offenses.
Point four is denied.
Gorombey's fifth point on appeal alleges that the trial court erred in denying his motion to dismiss because of the State's failure to prove a corpus delicti or that there was a specific loss or injury caused by his violations of the statutes. As noted *360 by Gorombey, the term "corpus delicti " is Latin for "body of the crime." Black's Law Dictionary 369 (8th ed. 2004). "The term is used in the context of criminal law to describe the prosecutor's burden of proving that a crime was committed by someone, independent from a defendant's extrajudicial statements." State v. Madorie , 156 S.W.3d 351, 353-54 (Mo. banc 2005). In the case of speeding, it is not necessary that a person or object was "injured" but that the State has met its burden of proving every element of the crime, independent from the defendant's extrajudicial statements.
In this case, the State did not offer into evidence and Gorombey did not make extrajudicial statements regarding the elements of the offenses and the charges were all proven by the State based on the testimony of Corporal Salfrank. Thus, the failure of the State to prove the crime outside of Gorombey's extrajudicial statements is not at issue or in any way relevant to this case.
Point five is denied
VI.
Gorombey's final point on appeal alleges that the trial court erred in denying his motion to dismiss because the State failed to prove that a complaint existed and not having a complaint made the case "unfit for adjudication." Gorombey appears to argue, in a new and different way than set forth above, that because there was no "injured" party who complained of Gorombey's actions the case was not adversarial. We disagree. An adversarial proceeding is "[a] hearing involving a dispute between opposing parties." Black's Law Dictionary 58 (8th ed. 2004). The State was Gorombey's adversary during the proceeding and sought to prove Gorombey's guilt on the four crimes charged in the citations given to him by Corporal Salfrank. Rule 21.02[8] ("The prosecuting attorney may file an information charging the commission of a misdemeanor based upon the prosecutor's information and belief that the offense was committed.") None of the crimes with which Gorombey was charged require injury to a particular victim. See sections 303.025; 304.010; 302.020; and 304.022. Gorombey sought to argue his innocence making the proceeding adversarial. Gorombey's argument is without merit.
Point six is denied.
Conclusion
For the reasons stated above, we affirm.
All concur
All statutory citations are to RSMo 2000 as updated through the December 31, 2016 cumulative supplement, unless otherwise indicated.
In his Opening Brief, Gorombey states that the court entered guilty pleas to the charges without his consent. The docket entries for the cases associated with the failure to yield and speeding charges make clear that Gorombey pleaded not guilty but was found guilty following a trial. The court clerk appears to have incorrectly internally shown the cases disposed of as "guilty pleas." We recognize that docket sheets in the other cases simply refer to a guilty plea. Despite this apparent inconsistency, the transcript of the proceedings makes clear that the court entered a plea of not guilty for Gorombey as to all four charges, but ultimately found him guilty of all charges. Gorombey does not raise a challenge to how the pleas were procedurally docketed. Thus, we limit our discussion to those points properly raised in this appeal.
Gorombey begins his recitation of the facts with a statement of "Rights." To the extent these "statements" are argumentative they are not properly within the Statement of Facts. Missouri Supreme Court Rule 84.04(c) (2017). These rights are quotations from a wide body of cases, across many jurisdictions that, when taken out of context and cobbled together, appear to argue the existence of various rights most relevant that citizens, not engaged in commerce, have an unqualified constitutional right to travel upon domestic roadways. Although not properly raised in the Statement of Facts, to the extent that Gorombey cites relevant cases that are binding in Missouri, we have taken them into account. We note, however, that this Court is bound by Missouri law and Missouri has clearly established laws governing roadways and the crimes with which Gorombey was charged. See generally, chapter 304 RSMo.
Gorombey was ultimately charged with operating his vehicle at 93 miles per hour in a zone limited to 65 miles per hour (the normal posted speed limit on that stretch of highway) irrespective of the construction zone designation or the reduced speed limit therein. Section 304.582 addressing traffic violations in a construction zone requires proof of the presence of highway workers at the time of the offense and specific signs denoting the increase in potential punishment for a violation in a construction zone.
In Gorombey's statement of "Rights" he argues that he was never given "notice of the loss of his/her Right, let alone before signing the license (contract)." It is unclear to this Court whether this is a statement that Gorombey was not aware that he did not possess a valid license. Regardless, he does not clarify this statement or raise it on appeal as a defense to the charges brought.
Gorombey also begins his Opening Brief with a "Statement of the Issues" listing five questions he believes must be answered in his case. Some but not all of these "issues" are addressed within Gorombey's six points on appeal. Claims of error must be raised in a Point Relied On which requires the appellant to "(1) identify the trial court's ruling or action that the appellant is challenging on appeal; (2) state the legal reasons for the appellant's claim of reversible error; and (3) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Hall v. Mo. Bd. of Prob. and Parole , 10 S.W.3d 540, 543 (Mo. App. W.D. 1999) ; Rule 84.04. As the "Statement of the Issues" does not conform to the requirements of Rule 84.04 we shall limit our discussion to those issues raised in the six Points Relied On.
All rule references are to Missouri Supreme Court Rules (2017).