Anthony Rex Gabbert, Judge
Bobby McClure appeals a motion court's denial of his Rule 29.15 post-conviction claim of ineffective assistance of counsel, after a jury convicted him of statutory sodomy and child molestation in the first degree, and the trial judge sentenced him to two concurrent life sentences. He argues the motion court clearly erred, because trial counsel prejudiced his defense by failing to object to testimonial evidence of the child victim, whose statements lacked sufficient indicia of reliability. We affirm.
BACKGROUND
T.S., the child victim, testified she was seven years old in 2003 when McClure, her stepfather, began sexually assaulting her at the home they shared with T.S.'s mother and brother. T.S. told her aunt and uncle that McClure was touching her inappropriately. After police investigated, T.S. was taken to a child advocacy center (CAC), where she was to be interviewed. However, T.S. refused to speak with the interviewer, and no charges were brought against McClure in 2004. T.S. then permanently relocated to her grandparents' home. The CAC did interview T.S. in 2007 and video recorded the session. With the aid of anatomical drawings, T.S. confirmed McClure had sexually assaulted her.
In 2014, McClure was charged with first-degree statutory sodomy, child molestation, and attempted statutory rape, pursuant to Sections 566.062.1, 566.067, and 566.032, respectively.[1] At trial, the prosecution submitted as evidence the 2007 CAC interview. McClure objected to the exhibit, arguing there was potentially a lack of foundation, materials subject to motions in limine, and improper bolstering. The objection was overruled, and the jury found McClure guilty on the sodomy and molestation charges but acquitted him of the attempted statutory rape charge. The court ordered McClure to serve two consecutive life sentences.
In 2016, McClure appealed to this court, arguing the trial court erred by admitting the CAC interview, because T.S.'s statements lacked the indicia of reliability required by Section 491.075.1. State v. McClure , 482 S.W.3d 504 (Mo. App. 2016).
*56 However, because McClure never objected to the exhibit on grounds of insufficient indicia of reliability, he failed to preserve the alleged error for appeal. Pursuant to Rule 30.20, this court then considered whether McClure's claim warranted plain error review. We found no prejudicial error in admitting the CAC interview, because T.S. testified at trial and was subject to cross-examination. Accordingly, we declined plain error review.
Later in 2016, McClure timely filed a motion for post-conviction relief, pursuant to Rule 29.15, claiming ineffective assistance of trial counsel. He argued trial counsel prejudiced his defense by failing to object to the CAC interview on grounds of insufficient indicia of reliability. The motion court denied McClure's motion, finding no prejudicial error in admitting the interview, because T.S. testified at trial and was subject to cross-examination. The motion court further suggested McClure was not prejudiced, because the recorded interview could have been admitted under Section 492.304, which provides for the admission of visual and aural recordings of children under the age of fourteen, even when the evidence is inadmissible under Section 491.075. This appeal follows.
STANDARD OF REVIEW
Appellate review of a motion for post-conviction relief is "limited to a determination of whether the motion court's findings and conclusions are clearly erroneous." Eastburn v. State , 400 S.W.3d 770, 773 (Mo. banc 2013) (citation omitted); Rule 24.035(k). "Findings and conclusions are clearly erroneous if, after reviewing the entire record, this Court is left with the definite and firm impression that a mistake has been made." Eastburn at 773, (citation omitted). The movant must show by a preponderance of the evidence the motion court clearly erred. Harrison v. State , 531 S.W.3d 611, 616 (Mo. App. 2017) (citation omitted). "This court will not supply findings of fact and conclusions of law by implication from the [motion] court's ruling." Id.
ANALYSIS
McClure contends the motion court clearly erred, because trial counsel's deficient representation prejudiced McClure's defense by not objecting to the CAC interview on grounds of insufficient indicia of reliability. To be entitled to post-conviction relief for ineffective assistance of counsel, McClure's claim must prove "by a preponderance of the evidence that (1) trial counsel failed to exercise the level of skill and diligence that reasonably competent counsel would exercise in a similar situation and (2) the movant was prejudiced by that failure." Dorsey v. State , 448 S.W.3d 276, 287 (Mo. banc 2014) (citing Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ). "If a movant fails to satisfy either prong of the [ Strickland ] test, he or she is not entitled to post-conviction relief." Creighton v. State , 520 S.W.3d 416, 422 (Mo. banc 2017) (citation omitted). Without addressing trial counsel's performance, we conclude that finding no prejudice on direct appeal precludes finding prejudice in the present post-conviction proceeding.
It is well-established that "[i]ssues decided upon direct appeal cannot be relitigated on a theory of ineffective assistance of counsel in a post-conviction proceeding." Leisure v. State , 828 S.W.2d 872, 874 (Mo. banc 1992). On direct appeal, this court found that "[b]ecause T.S. actually testified and was available for cross-examination, even if the challenged statements were erroneously admitted under section 491.075, McClure was not prejudiced. " State v. McClure , 482 S.W.3d 504, 506 (Mo. App. 2016) (emphasis added). In support, *57 we cited State v. Bright , 782 S.W.2d 91, 92 (Mo. App. 1989) and State v. Hankins , 612 S.W.2d 438, 439-40 (Mo. App. 1981), two cases reviewing a trial court for abuse of discretion. McClure at 508.
Abuse of discretion (for preserved error) is a lower standard of review than both Strickland and plain error review. Deck v. State , 68 S.W.3d 418, 427 n.5 (Mo. banc 2002). Thus, finding no prejudice under abuse of discretion review a fortiori precludes finding prejudice under a higher standard.[2] State v. Dennis , 315 S.W.3d 767 n.2 (Mo. App. 2010) ("[u]pon a finding of no abuse of discretion, it logically follows that there is no plain error committed by the trial court"). This analysis is the corollary to our Supreme Court's ruling in Deck v. State , which held that finding no plain error on direct appeal does not preclude finding prejudice under Strickland . Deck and McClure thus represent two aspects of one logical system. Under Deck , what is not prejudicial under the highest standard of review can still be prejudicial under a lower standard. In McClure , what is not prejudicial under the lowest standard cannot be prejudicial under a higher standard.
Leisure' s rule against relitigating issues decided on direct appeal did not operate in Deck , because the issue of Strickland prejudice was unsettled. That is, finding no plain error could not rule out finding error under Strickland . In McClure , our cited authority on direct appeal found no error under abuse of discretion review, logically precluding a finding of prejudice under Strickland's more exacting standard. The issue of Strickland prejudice was thus decided by logical implication on direct appeal and cannot be relitigated in the present proceeding. Point denied.
CONCLUSION
We conclude the motion court did not clearly err in denying McClure's Rule 29.15 motion claiming ineffective assistance of counsel, because the claim McClure raised was already decided on direct appeal.
All concur.

All statutory citations are to RSMo 2000, as updated through the 2015 Cumulative Supplement, unless otherwise specified.

Indeed, when a "claim fails under either abuse of discretion or plain error review," courts may review unpreserved error "as if it was preserved." State v. Alexander , 505 S.W.3d 384, 390 (Mo. App. 2016).