

# In the Missouri Court of Appeals
# Eastern District

DIVISION TWO

| | | |
|---|---|---|
| JONAS PHILLIPS, | ) | ED110785 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | Cape Girardeau County |
| v. | ) | 20CG-CC00274 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Benjamin F. Lewis |
| | ) | |
| Respondent. | ) | Filed: September 19, 2023 |

Jonas Phillips appeals the judgment denying his Rule 29.15[1] motion for postconviction relief following an evidentiary hearing. In his first point on appeal, Phillips claims that counsel was ineffective for failing to make an opening statement. In his second point, he claims that counsel was ineffective for failing to cross-examine the state's witnesses on their motivation to lie to avoid criminal liability. Because the motion court did not clearly err by denying relief, we affirm the judgment.

## Factual and Procedural Background

Following a jury trial, the circuit court convicted Phillips of second-degree murder, first-degree assault, and armed criminal action. This Court affirmed the judgment. *State v. Phillips*, 598 S.W.3d 929 (Mo. App. E.D. 2020).

---

[1] All Rule references are to the Missouri Supreme Court Rules (2022), unless otherwise indicated.

The evidence at trial showed that Phillips and two other individuals, D.V. and E.C., drove to an apartment to complete a drug deal. The daughter of the apartment owner ("Victim's Sister") met them at the door. The owner of the apartment ("Victim's Mother") told Phillips and E.C. to leave. D.V. went inside, and Phillips and E.C. went back to the car.

While D.V. was in the apartment, he had an argument with the apartment owner's son ("Victim") and several of Victim's friends. D.V. testified that they tried to rob him and that he believed Phillips could have heard yelling as he waited outside. The men chased D.V. from the apartment. Shortly thereafter, Phillips opened fire, fatally wounding Victim and injuring one of Victim's friends. D.V. testified that he did not think Phillips had any reason to shoot at the men who were chasing him.

After his direct appeal, Phillips timely filed *pro se* and amended motions for postconviction relief pursuant to Rule 29.15. The motion court entered a judgment with findings of fact and conclusions of law denying relief. Phillips appeals.

**Standard of Review**

Rule 29.15(k) limits appellate review of a judgment denying postconviction relief to determining whether the circuit court's findings and conclusions are clearly erroneous. *McLemore v. State*, 635 S.W.3d 554, 559 (Mo. banc 2021). A judgment denying postconviction relief is "clearly erroneous when, upon review of the complete record, there is a definite and firm impression that a mistake has been made." *Hefley v. State*, 626 S.W.3d 244, 248 (Mo. banc 2021) (internal quotation omitted). "The motion court's findings are presumed correct," and "[t]his Court defers to the motion court's superior opportunity to judge the credibility of witnesses." *Davis v. State*, 486 S.W.3d 898, 905 (Mo. banc 2016) (internal quotation omitted). A judgment denying

post-conviction relief may be affirmed on any ground supported by the record. *Swallow v. State*, 398 S.W.3d 1, 3 (Mo. banc 2013).

## Analysis

To prevail on a motion for postconviction relief alleging ineffective assistance of counsel, the movant must prove by a preponderance of the evidence that counsel's deficient performance resulted in prejudice. *Shockley v. State*, 579 S.W.3d 881, 892 (Mo. banc 2019) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *see also* Rule 29.15(i) (the movant bears the burden of proving all claims for relief by a preponderance of the evidence). Deficient performance occurs when counsel's representation falls "below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688. The movant is prejudiced when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "If the defendant fails to satisfy either prong, we need not consider the other." *Staten v. State*, 624 S.W.3d 748, 750 (Mo. banc 2021) (internal quotation omitted).

### *Point I: Opening Statement*

Phillips asserts that the motion court clearly erred by denying relief on his claim trial counsel was ineffective for failing to make an opening statement. He argues that trial counsel had no strategic basis for waiving an opening statement and that *State v. Thompson*, 68 S.W.3d 393, 395 (Mo. banc 2002), is "controlling precedent," holding an inadequate opening statement is prejudicial when it fails to provide the jury with context for the evidence presented.[2]

---

[2] Trial counsel testified that he mistakenly waived opening statement. We do not further analyze whether the lack of an opening statement constituted deficient performance because, as established below, the record does not support a finding of prejudice. *Strong*, 263 S.W.3d at 647. We note, however, that because defense counsel in a criminal case "is not required to present an opening statement," *McLemore*, 635 S.W.3d at 563, a reasonable decision to waive an opening statement does not establish the deficient performance necessary to support a claim of ineffective assistance of counsel. *See State v. Oxford*, 791 S.W.2d 396, 401 n.2 (Mo. banc 1990). Like *Oxford*, federal and state courts uniformly hold that the decision to waive an opening statement is a matter of trial strategy, which typically does not support an ineffective assistance claim. *See Moss v. Hofbauer*, 286 F.3d 851, 863 (6th Cir. 2002) (collecting cases);

Unlike Phillips's postconviction ineffective assistance of counsel claim, *Thompson* involved a direct appeal applying the abuse of discretion standard particular to a preserved claim of trial court error. On the same day the Court issued *Thompson*, the Court also issued *Deck v. State*, 68 S.W.3d 418 (Mo. banc 2002), which explained "[t]he standard for finding prejudice in the context of preserved error is lower than the standard for finding error under *Strickland,* and both are lower than the plain error standard." *Id*. at 427, n.5.[3] Because the abuse of discretion standard applied in *Thompson* is less stringent than the standard for *Strickland* prejudice, Phillips's argument that *Thompson* is "controlling precedent" is without merit. The disposition of Phillips's claim turns on whether he alleged and proved facts showing he was prejudiced by the lack of an opening statement.

Phillips alleged that trial counsel was ineffective for failing to make an opening statement because:

> At trial, Counsel was offered the opportunity to provide an opening statement under Missouri Supreme Court Rule 27.02. Trial Counsel reserved the right to do so, and when given a second opportunity to give an opening statement at the close of State's evidence, failed to do so. An opening statement is a critical aspect of a jury trial in that it serves multiple purposes: an opening statement provides the first impression of the case and shapes the impressions of the jury, present a theme or theory of the case in an effective and persuasive manner, and to tell a defendant's story without

*State v. Hineman,* 983 N.W.2d 652, 665 (Wis. 2023) ("courts that have addressed this issue consistently hold that waiving opening statement is an acceptable trial strategy."); *Pomrenke v. State*, 497 P.3d 548, 556 (Idaho App. 2021) ("Whether and when to present an opening statement is a tactical decision that will not be second-guessed on appeal without evidence of inadequate preparation, ignorance of relevant law, or other shortcomings susceptible to objective evaluation."); *State v. Grate,* 172 N.E.3d 8, 44 (Ohio 2020) ("Defense counsel's failure to make an opening statement is not per se ineffective assistance of counsel."); *Sartain v. State*, 285 P.3d 407, 414 (Mont. 2012) (internal quotation omitted) ("trial counsel's decision about whether to give an opening statement is ordinarily a matter of trial tactics and strategy which will not form the basis for a claim of ineffective assistance of counsel"); *Lawrence v. State*, 690 S.E.2d 801, 802 (Ga. 2010) ("The mere waiver of an opening statement can be characterized as a trial tactic which cannot be equated to ineffective assistance of counsel.); *People v. Whittaker*, 557 N.E.2d 468, 472 (Ill. App. 1990) ("The presumption is that a decision to forego an opening statement is no more than a tactical choice made by counsel to avoid making an advance disclosure of his trial strategy or his decision whether to call defendant as a witness.").

[3] *See also McClure v. State*, 543 S.W.3d 54, 57 (Mo. App. W.D. 2018) (citing *Deck* for the proposition "[a]buse of discretion (for preserved error) is a lower standard of review than both *Strickland* and plain error review."); *Lawrence v. State*, 628 S.W.3d 777, 785 (Mo. App. S.D. 2021) (holding the same).

argument. *Five Tips of Engaging Opening Statement*, American Bar Association Journal, October 30, 2015.

> Failing to provide an opening statement effectively accepts the State's contention of evidence as true, fails to provide a theme and roadmap as to how a jury should arrive at the verdict suggested by Counsel, and makes no attempt to address bad facts that serve as roadblocks to a desired verdict. With respect to Movant's trial, there is absolutely no justifiable strategy to wholly exclude an opening statement in a murder case. ***Had trial Counsel acted as a reasonably competent attorney would under similar circumstances, a reasonable probability would have existed of a different result at Movant's jury trial.***

(Emphasis added).

While Phillips alleged that trial counsel did not give an opening statement in his murder trial, the amended motion is devoid of any specific factual allegations explaining why he was prejudiced by the lack of an opening statement. Instead, Phillips's claim is premised on legal conclusions regarding the role of an opening statement followed by a conclusory recitation of the *Strickland* prejudice standard. These general, conclusory allegations are insufficient to support a claim of ineffective assistance of counsel. *McLemore*, 635 S.W.3d at 563.[4] "An opening statement is not evidence," *State v. McFadden*, 369 S.W.3d 727, 747 (Mo. banc 2012).

Also, Phillips failed to introduce evidence showing how the lack of an opening statement was prejudicial. At the evidentiary hearing, trial counsel testified that the defense is not required to make an opening statement, but that it "can be" helpful. Trial counsel testified that he reserved

---

[4] Rule 29.15 motions for postconviction relief are governed the rules of civil procedure "insofar as applicable." Rule 29.15(a). The Rule 55 pleading requirements do not conflict with the postconviction pleading requirements. Instead, they "plainly enhance the purposes of Rule 24.035 (and Rule 29.15)" and should be followed. *DePriest v. State*, 510 S.W.3d 331, 346 (Mo. banc 2017) (Wilson, J., concurring). To that end, Rule 55.05(a) provides that a "pleading that sets forth a claim for relief …shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief." Phillips's amended motion eschews the requisite "short and plain statement of the facts" in favor of legal conclusions interspersed with only general factual allegations, none of which specifically tie the lack of an opening statement to any prejudicial effect in the particular circumstances of the underlying trial. Following the Rule 55 pleading rules should largely cure these pleading deficiencies by requiring counsel to focus on alleging the specific facts necessary to support a claim. In a like manner, adherence to the Rule 55 pleading requirements would clearly benefit movants seeking postconviction relief while permitting circuit and appellate courts to fully assess well-pleaded claims for ineffective assistance of counsel. *DePriest*, 510 S.W.3d at 346.

the right to make an opening statement, but acknowledged that he mistakenly failed to do so and instead proceeded with his direct examination of D.V. When postconviction counsel asked if the failure to make an opening statement deprived the jury of a concise statement of the theory of the defense, trial counsel testified, "I mean the closing argument was about 15 minutes after that happened so I mean I can't really speculate to what the jury is thinking at that point[.]" Further, on cross-examination the following exchange occurred:

> [State's Attorney]: In this particular case, in your opinion, is there anything that was lacking in your defense by not giving an opening statement?
>
> [Trial Counsel]: Not particularly, no.
>
> [State's Attorney]: Meaning basically do you believe that the defendant was in any way prejudiced by not giving a brief opening statement?
>
> [Trial Counsel]: No.

The record shows that postconviction counsel asked general questions eliciting general responses which do not support Phillips's specific arguments on appeal. Phillips's "[c]onclusory post-conviction allegations of prejudice without specific evidence showing how the alleged deficient performance would have led to a likely different result are insufficient to establish ineffective assistance of counsel." *Butler v. State*, 557 S.W.3d 427, 437 (Mo. App. W.D. 2018) (affirming the denial of postconviction relief following an evidentiary hearing); *see also Shockley*, 579 S.W.3d at 899 (holding conclusory allegations of prejudice "cannot be remedied by the presentation of evidence and refinement of a claim on appeal").

Finally, even granting Phillips the benefit of the doubt regarding pleading deficiencies and evidentiary omissions, the record shows that the motion court did not clearly err by denying relief. Trial counsel testified that nothing was lacking from the defense by not making an opening statement. Consistent with his testimony, the trial transcript shows that trial counsel made a closing

argument connecting Phillips's justification defense to the evidence at trial. After D.V. testified, the defense rested, and trial counsel made a closing argument specifically tying the evidence at trial to Phillips's defense that the shooting was justified because he reasonably believed that D.V. faced an imminent threat of serious physical harm. Trial counsel argued that Victim's Mother isolated D.V. by asking Phillips and E.C. to leave the apartment, thus enabling the men in the apartment to beat and rob him. He further argued that the men chased D.V. out of the apartment building and turned around only after hearing Phillips's gunshots. And, despite the fact that D.V. also testified that he did not think there was any reason for Phillips to shoot at his pursuers, trial counsel urged the jury to find Phillips not guilty because "the only thing Jonas Phillips could do to protect [D.V.] was to fire those shots[.]" The record refutes Phillips's allegation of prejudice and supports the conclusion that trial counsel's closing argument adequately explained the relevance of D.V.'s testimony to Phillips's justification defense.

Given Phillips's conclusory allegations, the lack of evidence supporting his specific argument on appeal, and the facts in the record fully supporting the denial of relief, we hold that the motion court did not clearly err by denying relief on his claim that trial counsel was ineffective for failing to make an opening statement. Point I is denied.

*Point II: Cross-Examination*

Phillips asserts that the motion court clearly erred by denying relief on his claim that trial counsel was ineffective for failing to cross-examine Victim's Mother and Victim's Sister regarding their motivation to lie to avoid criminal liability. He argues that counsel had no strategic basis for not pursuing this additional cross-examination, and that he was prejudiced because additional cross-examination would have undermined their credibility, thus creating a reasonable probability

that the jury would have believed D.V.'s testimony and found Phillips was justified in shooting at D.V.'s pursuers.

"The manner in which cross-examination is conducted, and the extent of cross-examination, are matters of trial strategy best left to the judgment of trial counsel." *State v. Hall*, 982 S.W.2d 675, 686 (Mo. banc 1998) (internal quotation marks and citation omitted). "In virtually every case, the extent of cross-examination must be left to the judgment of counsel." *White v. State*, 939 S.W.2d 887, 897 (Mo. banc 1997).

Phillips's argument that trial counsel should have cross-examined Victim's Mother and Victim's Sister regarding their drug dealing is premised on a strategy to subsequently impeach them with their alleged motivation to lie to avoid criminal liability for illegally selling drugs. However, "[t]he mere failure to impeach a witness does not entitle a movant to relief." *Barton v. State*, 432 S.W.3d 741, 750 (Mo. banc 2014). Moreover, trial counsel articulated the specific strategic basis for not pursuing additional cross-examination as follows:

> [State Attorney]: And isn't it fair to say that at times attacking the character of a deceased family member can very greatly backfire?
>
> [Trial Counsel]: Yes, it can.
>
> [State Attorney]: Because it makes them more –
>
> [Trial Counsel]: Sympathetic.
>
> ….
>
> [State Attorney]: And in this case, [Victim's Mother] was the mother of the murder victim?
>
> [Trial Counsel]: Yes.
>
> [State Attorney]: And [Victim's Sister] was the sister of the murder victim?
>
> [Trial Counsel]: Yes.

Additionally, trial counsel testified that he wanted to limit his cross-examination of the apartment owner because "she lost a son and she was already grieving and going through pain and all that." The record shows trial counsel had a reasonable, strategic basis for limiting his cross-examination of Victim's Mother and Victim's Sister.

Although a different defense counsel may have proceeded in a different manner, trial counsel's decision was "within the wide range of reasonable professional assistance" countenanced by the Sixth Amendment. *Strickland,* 466 U.S. at 689. On this record, Phillips's argument that trial counsel should have engaged in additional cross-examination appears to be "nothing more than second-guessing counsel's methods for carrying out [a] reasonable trial strategy simply because his defense was ultimately unsuccessful." *Payne v. State*, 509 S.W.3d 830, 837 (Mo. App. W.D. 2016). The motion court did not clearly err by denying relief on this claim. Point II is denied.

## Conclusion

The circuit court's judgment is affirmed.

_____
Renée Hardin-Tammons, Judge

Angela T. Quigless, P. J., and
Michael E. Gardner, J., concur.

9